■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HENRY, Appellant. — Judgment, Supreme Court, Bronx County, rendered December 6, 1978, convicting the defendant of burglary in the third degree and sentencing him to 3 1/2 to 7 years and a fine of $1,500, modified, on the facts and the law, and as a matter of discretion in the interest of justice, to the extent of vacating the imposition of a fine, and otherwise affirmed. Defendant was charged in a two-count indictment with burglary in the third degree and criminal mischief in the third degree, arising out of the breaking and entering of a Volkswagen showroom. He proceeded to trial and the jury returned a verdict of guilty of the burglary count, acquitting him of the criminal mischief. The trial court, apparently of the view that the defendant had wasted the time of the court with a spurious defense (notwithstanding his acquittal of one of the charges), and seemingly wishing to have the defendant reimburse the State for its expense, stated at sentence: "In addition, for the reason that I can discern, no litigation *[sic]* chance of avoiding the conviction and for what appears to me to be almost a destructive act of forcing the state to trial in a case in which there was no real question of fact, under the new provisions authorized, I am going to impose a fine on the defendant because he imposed on the court the necessity of the trial". A defendant's constitutional right to trial is in no way dependent upon the court's view of the validity or adequacy of his defense. It must remain free and unfettered, and he may not be punished for his exercise of such right. Concur — Birns, Fein, Sandler and Carro, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm. It is clear that "sentences handed out after trial may be more severe than those proposed in connection with a plea." *(People v Pena,* 50 NY2d 400, 412; *People v Junco,* 43 AD2d 266, affd 35 NY2d 419, cert den 421 US 951.) A disposition may include "Imprisonment plus a Fine". (New York Sentence Charts, McKinney's Cons Laws of NY, 1979 Supplemental Pamphlet to Book 39, p 3.) The fine for a felony may be up to $5,000 or double the amount of the defendant's gain from the commission of the crime, whichever is higher. (Hechtman, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law, § 80.00.) With respect to the collection of fines, it is not necessary that there be added to the sentence an additional period of time. (See CPL 420.10.) The additional time for imprisonment for a felony in any event may not exceed one year. (CPL 420.10, subd 3, par [a].) If the defendant is unable to pay the fine, there may be an application for resentence. (CPL 420.10, subd 4.) There is constitutional protection against imprisonment of indigent defendants because of inability to pay fines. *(Tate v Short,* 401 US 395; *Williams v Illinois,* 399 US 235; see, also, *Vitagliano v United States,* 601 F2d 73, cert den 444 US 1085.) Not only was the disposition by the Trial Judge unexceptionable, there is good reason to relieve the taxpayers of the cost involved in this matter. Indeed, there is legislation pending which would allow a Judge at the time of

sentencing to investigate the defendant's economic status and income in order to provide for reimbursement to the State for the cost of incarceration. (See letter to the editor on "Let the Punishment Fit the Finances", *New York Times,* editorial page, p 24, Oct. 18, 1980, discussing bill introduced by Assemblyman R. Stephen Hawley.)