■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CARRASCO, Appellant. — Judgment, Supreme Court, Bronx County (Zimmerman, J.) rendered February 23, 1979 upon a jury verdict of robbery in the first degree (four counts) and attempted robbery in the first degree, sentencing the defendant, respectively, to concurrent terms of 8 ⅓ to 25 years plus a fine of $5,000 or an additional year on the first robbery count, and 5 to 15 years on the attempted robbery count, unanimously modified, on the law and in the interest of justice, by vacating so much thereof as imposed, with respect to the first robbery in the first degree count, a fine, and in default thereof an additional year of imprisonment, and otherwise affirmed. As the District Attorney concedes, the maximum sentence for a robbery in the first degree count is 25 years. Accordingly, it was not proper to add thereto the additional one year. (CPL 420.10, subd 3, par [d].) While a fine in itself would be proper (see *People v Henry,* 78 AD2d 829 [dissent]), inasmuch as it is tied to a consecutive one-year term which would not be authorized, we also modify to vacate the fine. Concur — Murphy, P. J., Kupferman, Sullivan and Ross, JJ.

■ STANLEY GROSS, Respondent, v JEAN GROSS, Appellant. — Order, Supreme Court, New York County (Gomez, J.), entered March 17, 1981, which denied defendant's motion to strike the action from the calendar and granted plaintiff's motion to quash "to the extent of referring [the] motion to the Trial Court for determination", unanimously modified, on the law, without costs or disbursements, so as to strike the action from the calendar and to grant unconditionally the motion to quash. This matrimonial action was commenced on October 15, 1980. On December 18, 1980, two days after issue was joined by service of a reply, plaintiff served a note of issue and statement of readiness. In the interim plaintiff had furnished an affidavit of net worth and his 1979 income tax return. After moving to strike the case from the calendar on the ground that the matter was not ready for trial, defendant served a subpoena duces tecum with a 29-paragraph rider. While it is true, as Special Term found, that defendant had not formally sought a deposition or discovery, and although we recognize that plaintiff has a right to proceed expeditiously to bring this litigation to a conclusion, this is a case which, from our review, is clearly not ready for trial. At issue, at the very least, are equitable distribution rights arising out of a 22-year marriage. Since defendant may now proceed by discovery the need for the subpoena duces tecum becomes academic and the court *sua sponte,* grants the motion to quash. In any event, our examination of the rider to the subpoena leads us to conclude that it is so overly broad and cumbersome as to be oppressive. Concur — Murphy, P. J., Kupferman, Sullivan and Ross, JJ.