■ LENA CARELLA, Appellant, v FRANK J. CARELLA, Respondent. — In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated March 23, 1983, as denied her motion to strike the pleadings and strike the action from the Trial Calendar. Order modified by deleting the provision denying that branch of the plaintiff's motion which was to strike the action from the calendar, that branch of the motion is granted, the action is stricken from the calendar and the note of issue is vacated. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. By a prior order dated September 28, 1982, Special Term, in effect, denied the wife's request for the production of the records of business entities in which the husband owned the sole or majority interest. On January 26, 1983, without having filed a net worth statement and while a motion for reargument was pending, the husband served a note of issue and statement of readiness. The appeal from a prior order was perfected while the instant motion was pending. It is apparent from our determination in the companion appeal (see *Carella v Carella,* 97 AD2d 394), that when the husband placed the action on the calendar, a reasonable time to conduct discovery proceedings had not elapsed and the preliminary proceedings had not been completed. The statement of readiness

was therefore incorrect and it was an improvident exercise of discretion to deny the wife's application to strike the action from the calendar. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.