■ ROBERT GOODENOW, Appellant, v INTERNATIONAL TELEPHONE AND TELEGRAPH CORP. et al., Respondents. — Order of the Supreme Court, Westchester County (Marbach, J.), entered March 3, 1983, affirmed, insofar as appealed from, with costs (see *Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Silverman v Wilmit,* 96 AD2d 507). Titone, J. P., Lazer, Mangano and Boyers, JJ., concur.

■ SANFORD KANTOR, Respondent, v LENORE KANTOR, Appellant. — In a divorce action, the defendant wife appeals from an order of the Supreme Court, Queens County (Cooperman, J.), entered July 14, 1983, which denied her motion, *inter alia,* to strike the action from the Trial Calendar. ¶ Order reversed, without costs or disbursements, defendant's motion granted to the extent that the case is struck from the calendar, the note of issue is vacated and the defendant is awarded a counsel fee of $250 and the matter is remitted to Special Term for further proceedings consistent herewith. ¶ A statement of readiness is inherently defective where it is filed before the opposing party has had a reasonable opportunity to determine whether the filing party's answers to interrogatories are adequate, and to move for corrective relief if that is not the case. Here such opportunity was not present because the plaintiff husband's statement of readiness was served and filed at the same time that he served both his answers to the interrogatories and his net worth statement. It was therefore an improvident exercise of discretion to deny that branch of defendant's motion which was to strike the case from the calendar and vacate the note of issue (see *Carella v Carella,* 97 AD2d 393). Furthermore, defendant should have been awarded a counsel fee of $250. ¶ Both parties are to proceed with due diligence to complete all disclosure proceedings. The issue of the adequacy of plaintiff's answers to the interrogatories is remitted for determination by Special Term. Under the particular circumstances herein, the defendant wife will not be significantly prejudiced by deposing the plaintiff forthwith; she may not await disposition of the issue of the adequacy of plaintiff's responses to the interrogatories before proceeding to do so. Bracken, J. P., O'Connor, Brown and Niehoff, JJ., concur.