■ JAMES KATSAROS, Respondent, v CATHERINE KATSAROS, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Hyman, J.), dated October 24, 1986, as, inter alia, denied those branches of her motion which were to strike the note of issue pending further discovery, for pendente lite relief, and for permission to serve her counterclaim upon additional parties.

Ordered that the order is modified, by deleting the provision thereof which denied that branch of the motion which was to strike the note of issue, substituting therefor a provision granting that branch of the motion, and removing the action from the Trial Calendar; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This divorce action was instituted in May 1985 and issue was joined in December 1985. The defendant, who alleges that her husband has significant ownership interests in certain corporations which he has either secreted or transferred to

third parties, has, in the interim, been attempting to substantiate her claim through discovery of both her husband and these entities. Despite the fact that substantial discovery had yet to be completed, the plaintiff filed a note of issue in March 1986, only three months after issue had been joined, certifying that all discovery had been completed.

The defendant wife's attempt to join alleged transferees of marital property as necessary parties to this action (see, CPLR 1001 [a]) was properly rejected by the court since the defendant's claims remained, at that juncture, speculative (see, Deleno v Deleno, 61 AD2d 788).

The court did, however, erroneously deny that branch of the motion which was to strike the note of issue since a reasonable time to conduct discovery proceedings in this action to dissolve a 23-year marriage had not elapsed, and the defendant wife, confronted with a spouse reluctant to disclose information as to his assets, had not been afforded an adequate opportunity to substantiate her claims. The note of issue should be stricken and the case removed from the calendar (see, Carella v Carella, 97 AD2d 393; Gross v Gross, 83 AD2d 809).

Upon the record before us, we perceive no basis upon which to modify the court's denial of the defendant wife's request for temporary maintenance since she has not demonstrated financial need. Moreover, she has not demonstrated an inability to pay such expenses as would warrant a pendente lite award of counsel fees (see, Cook v Cook, 95 AD2d 768), nor has her application for accountants' and appraisers' fees set forth with the requisite specificity her financial inability to retain such experts (see, Ahern v Ahern, 94 AD2d 53).

Finally, that branch of the defendant wife's motion which was for temporary exclusive occupancy of the marital residence was properly denied in the absence of a showing that it is necessary to protect the safety of persons or property (see, Purdy v Purdy, 117 AD2d 659; Rauch v Rauch, 83 AD2d 847). Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.