OPINION OF THE COURT
Bernard F. McCaffrey, J.
The issue presented in this “equitable distribution” matter involves one of original impression, namely, how the courts may treat, upon a proper showing, a request by one party for a direction by the court, pendente lite, to have the other party pay a sum of money to enable the needy spouse to retain professional services, such as accountants and appraisers, for purposes of evaluating, on behalf of the requesting spouse, the marital assets.
From a reading of section 236 (part B, subd 5) of the Domestic Relations Law it is apparent that the court is under a mandate to make an equitable disposition of the marital property of the parties in the final judgment. It is equally obvious that the evaluation of that marital prop *878 erty is essential if the court is going to be able to properly carry out that mandate. Reading section 236 (part B, subd 5) of the Domestic Relations Law with section 237 of the Domestic Relations Law it is clear that the court has authority to award to a needy spouse funds to enable that spouse to carry on or defend the action or proceeding, as justice requires, having regard to the circumstances of the case and the respective parties. Under the circumstances presented in the record before this court an award, pendente lite, for funds by which the plaintiff may retain accounting and/or appraisal experts is within the court’s authority and is warranted. (See Robinson v Robinson, 48 AD2d 865; see, also, Brandenburg v Brandenburg, 167 NJ Super 256, revd on other grounds 83 NJ 198.) It is also the view of this court that other alternatives are inherently authorized to assist the court in this regard, namely, the appointment of the court’s own expert with the cost of same to be borne ultimately by one or both of the parties.
The defendant in the case at bar has amassed considerable assets from his work in the field of commercial interiors and real estate investments. The plaintiff, on the other hand, has been a housewife through the 39-year marriage and is totally unfamiliar with any of the defendant’s finances. She seeks ultimately an equitable distribution of the marital assets and in her motion for pendente lite relief seeks funds to retain the services of an accountant to examine defendant’s records in order to evaluate same for purposes of equitably distributing all of the marital assets.
The motion is determined in the short form order simultaneously with this memorandum decision, which deals exclusively with plaintiff’s request for funds to retain the services of an accountant.
Plaintiff is, therefore, awarded a fee in the amount of $500 to employ the services of an accountant to be retained by plaintiff’s attorney in connection with the discovery of defendant’s business records and finances, with leave to apply to the court for an additional fee, if warranted. Said sum shall be paid to plaintiff’s attorney by defendant as follows:
$250 within 15 days of service upon defendant of a copy *879 of the court’s aforesaid short form order and the balance upon presentation to defendant’s attorney of the accountant’s bill for services actually rendered. Said award is without prejudice to plaintiff’s application to the trial court for an additional fee, if warranted. Furthermore, said award is also without prejudice to an* application by the defendant to the trial court for a credit or adjustment for a part of or all of any sums directed to be paid for said professional services based upon the ultimate disposition of the action.