OPINION OF THE COURT
Oscar Murov, J.
An issue to be resolved in this action which is governed by the new equitable distribution law (L 1980, ch 281) involves one of first impression, namely, how the courts may treat, upon a proper showing, a request by one party for a direction by the court, pendente lite, to have the other party pay a sum of money to enable the needy spouse to retain a pension actuary for purposes of evaluating, on behalf of the requesting spouse, a pension or other employee benefit which she seeks to have included within the concept of “marital property”. (L 1980, ch 281, § 9, amdg Domestic Relations Law, § 236, by addition of part B, subd 1, par c.)
Section 236 (part B, subd 5) of the Domestic Relations Law requires the court to make an equitable distribution of the marital property of the parties in the final judgment. Obviously, the evaluation of that marital property is essential if the court is to be able to carry out that requirement. Particular difficulties arise in connection with the identification and division of intangible and inchoate assets, and, in particular, the value to a . noncontributing spouse of an interest in a pension or retirement plan. One of the reasons for this concern may well be the publicity surrounding a California holding in which a wife was awarded a judgment in a malpractice action because her attorney failed to include the value of her husband’s pension benefits in the community property assets (Smith v *374 Lewis, 13 Cal 3d 349). Indeed, where parties have not accumulated a great deal of property, a pension benefit may be the most valuable asset of the marriage, and if not considered a marital asset, the total value of the marital assets will be diminished (Pattiz, In a Divorce or Dissolution Who Gets the Pension Rights: Domestic Relations Law and Retirement Plans, 5 Pepperdine L Rev 191; Projector, Putting a Value on a Pension Plan, 2 Fam Advocate 37; Comment, Toward a More Equitable Distribution of Pension Benefits, 3 Southern U L Rev 51; Comment, Equitable Distribution in New York, 45 Albany L Rev 483).
While there has been little or no case law in New York since the enactment of the equitable distribution law, out-of-State cases have focused on the differentiation between pension benefits to which an employee had a nonforfeitable, presently fixed, vested interest and those to which the employee had a contingent or nonvested interest. In the first instance, where an employee’s rights to pension funds are presently fixed and have no quality of forfeitability, courts have found those rights to be an asset susceptible to equitible distribution (see, e.g., Matter of Pope, 37 Col App 237 [husband’s retirement funds, not assignable in law or equity, should be considered in determination of total amount of marital property]; Elliott v Elliott,_Minn _, 274 NW 2d 75 [court should consider pension benefits and future Social Security benefits when making property distribution]; Blitt v Blitt, 139 NJ Super 213 [court took judicial notice of fact that profit-sharing and pension plans are really wage substitutes and thereby subject to equitable distribution]; Pellegrino v Pellegrino, 134 NJ Super 512 [husband had vested and presently fixed right to retirement benefits which were therefore subject to equitable distribution]; Callahan v Callahan, 142 NJ Super 325 [employee’s pension funds presently fixed and no quality of forfeitability, included as marital asset]). Courts have held differently where pensions with contingent interests are concerned. Such contingent interests have been characterized as expectancies not subject to equitable distribution (Miller v Miller, 83 Mich App 672 [employee’s interest in pension plan distributable only to the extent reasonably ascertainable present value exists; if interest is contingent, *375 it is not distributable]; White v White, 136 NJ Super 552 [husband’s pension benefits not subject to equitable distribution because the husband made no contributions, had no right of withdrawal and had to meet full compliance with eligibility benefits to receive any retirement income]; see, also, Callahan v Callahan, 142 NJ Super 325, supra). One court has also made a further distinction as to the apportionability of a pension fund in regard to the portion of the total contributions that the employee has contributed and held that only the amount that the employee has contributed to the fund is distributable on the theory that only that amount came from the marriage relationship (Miller v Miller, 83 Mich App 672, supra).
In the instant action, plaintiff has made application for an award of fees to enable the spouse to retain accounting services in order to ascertain the value of the other spouse’s printing business. An inspection of the unaudited income and expenditures statement submitted as an exhibit in opposition to the application for pendente lite relief reveals that the business has made expenditures for employee benefits. In addition to other pendente lite relief granted, the court has awarded the sum of $1,000 to plaintiff for accounting services (Gueli v Gueli, 106 Misc 2d 877). Without intending any disrespect to the accounting profession, the court determines that a qualified pension actuary would be better qualified to ascertain a value of an employee’s interest in a pension, and, accordingly, plaintiff is authorized to use a portion of the amount awarded for accounting services to retain a pension actuary.