OPINION OF THE COURT
Stanley Harwood, J.
This motion by defendant for an order pursuant to section 237 of the Domestic Relations Law directing plaintiff to pay defendant her costs in retaining an actuary and an appraiser is granted as set forth below.
Plaintiff and defendant were married in 1955; there are three children of the marriage, two of whom are emancipated and one of whom is away at college. The parties reside in the jointly owned marital home on which plaintiff pays the carrying charges. He also pays one half of defendant’s automobile expenses and gives her $150 per week for food and personal expenses. According to documentation supplied by defendant, plaintiff’s annual income is approximately $80,000. He also has approximately $25,000 invested in stocks, certificates of deposit and other bank paper. Defendant is completing work experience requirements for certification as a psychologist, and in addition to moneys provided by plaintiff, has income of approximately $10,000 per year from part-time college teaching and private practice as a psychotherapist. Defendant claims that most of this income is used for business- or education-related expenses.
Both parties by their pleadings will be seeking equitable distribution of the marital property upon dissolution of the marriage. Plaintiff is a fully vested member of his pension *800 plan, and has 22 years of service with his company. Plaintiff has supplied defendant with an employers statement of plaintiff’s accrued benefits which sets forth the monthly income plaintiff will receive on retirement. Both parties, in their statements of net worth, have estimated the value of the marital residence. Their estimates differ by $15,000. Defendant seeks an interim award of $1,000 as follows: $350 for the cost of hiring an actuary to evaluate plaintiff’s pension interest; $150 for the cost of an appraisal of the marital residence; and the balance to be used for the first day of testimony of each. Plaintiff opposes the motion, asserting that a pension is not marital property within the meaning of part B of section 236 of the Domestic Relations Law, that neither an appraiser nor an actuary is necessary for evaluation of marital property, and finally, that defendant has the resources to pay for her own litigation expenses.
The question as to whether interest in a pension plan is marital property was answered in the affirmative by this court in Martinez v Martinez (NYU, Oct. 13,1981, p 17, col 5) following a full trial. The final determination as to whether this particular pension is marital property must of necessity await a showing by competent evidence at trial; but it is clear that, in this marriage of some 27 years’ duration, this asset will be of considerable importance when distributing the marital property. The value of a pension under the circumstances presented here can be quite substantial (see Troyan, Pensions & Equitable Distribution, 1 Equitable Distribution Rep 13) and “[t]o work from a benefits book or benefits statement is unconscionable.” Moreover, with respect to any marital property, the court is under a mandate to see that it is equitably distributed and “the evaluation of that marital property is essential if the court is to be able to carry out that requirement.” (Fay v Fay, 108 Misc 2d 373.)
Plaintiff asserts that a simple percentage division of the marital residence and pension interest is the only determination that the court need make and that there is, therefore, no need for the court or the parties to know the actual dollar value of either asset. Quite the contrary is true, particularly because one of the properties involved — the *801 pension — is difficult to evaluate and is, at present, of a nonliquid character (see Martinez v Martinez, supra). Under the circumstances of this case, the trial court might find it necessary to make a distributive award pursuant to section 236 (part B, subd 5, par e) of the Domestic Relations Law. Although there is currently no New York rule on the point, it may very well be that, where a pension interest is subject to distribution along with other marital properties of some value, the preferable method of distribution would be to award pension rights to the employee and other property of equal value to the spouse. (See Phillipson v Board of Admin., Public Employees’ Retirement System, 3 Cal 3d 32; Smith v Lewis, 13 Cal 3d 349; cf. Martinez v Martinez, supra.) In such an instance, the value of the properties is essential information. In addition to equitably distributing the marital property, the court is called upon to consider whether maintenance is to be awarded to a party. Among the factors to be considered are whether a party loses pension rights upon dissolution of the marriage, and the income and property of the parties, including marital property which is the subject of a distributive award. (Domestic Relations Law, § 236, part B, subd 6.) In short, in order to fulfill the mandate of part B of section 236 of the Domestic Relations Law, the court must consider the “marital estate” as a whole, as well as the individual items of which it is constituted. The expertise of appraisers and actuaries in cases such as this can be as necessary as medical expertise (Dabah v Dabah, 134 NYS2d 860) or investigative expertise (Spaght v Spaght, 57 Misc 2d 951) in presenting both sides of the issues to the court or in assisting the parties in coming to an agreement on distribution (see Domestic Relations Law, § 236, part B, subd 3).
The only question remaining is whether defendant is in a position to pay for her own litigation expenses. It appears she is endeavoring to become self-supporting, and is clearly not indigent, particularly since plaintiff is providing for her maintenance during the pendency of this action. Such factors are not dispositive, however (cf. Kaplan v Kaplan, 77 AD2d 891, app dsmd 51 NY2d 822). There is a need for the relief defendant requests, and under the circumstances of the case and the parties, the burden of obtaining it is *802 best borne by plaintiff. There is no need at this juncture, however, to make an award to cover the fees of the experts as witnesses. Both parties have made reference to possible settlement and it may be that the expense will be unnecessary.
Defendant is entitled to an interim award of $350 to cover her expenses in hiring an actuary and $150 to cover her expenses in hiring a real estate appraiser.