OPINION OF THE COURT
William R. Geiler, J.
In this divorce action governed by the New York equitable distribution law, plaintiff was awarded the sum of $300 pursuant to a pendente lite order of this court dated September 30, 1981 (Geiler, J.), in order to enable her to secure the services of a pension actuary for the purpose of evaluating the defendant’s pension rights, which rights may be subject to equitable distribution (Domestic Relations Law, § 236, part B, subd 5). To date, plaintiff has not received said sum from defendant. Accordingly, plaintiff now moves for penalties pursuant to CPLR 3126, contending that defendant has impeded the process of discovery by not paying said sum. The court grants plaintiff’s motion.
Since the enactment of the New York equitable distribution law, the necessity for awarding a needy spouse a sum of money to enable him or her to secure the services of certain professional appraisers for the purpose of evaluating marital assets subject to an equitable distribution thereof has been recognized (Gueli v Gueli, 106 Misc 2d 877 [interim award made to enable needy spouse to secure services of accountant to evaluate husband’s interest in a business]; Fay v Fay, 108 Misc 2d 373 [interim award made to enable needy spouse to secure services of pension actuary]; Heber v Heber, 112 Misc 2d 799 [pension actuary award]).
*764 CPLR 3126 provides for serious penalties for nondisclosure, among which include orders deeming certain issues resolved in favor of the claims of the party obtaining the order, prohibiting a disobedient party from supporting or opposing designated claims or defenses, or striking out pleadings or parts thereof. However, since the decision of the United States Supreme Court in Hovey v Elliot (167 US 409), the courts of this State have held that a defendant in a matrimonial action may not be deprived of his or her right to defend a suit because of a failure to comply with an order directing the payment of alimony or counsel fees (Sherwood v Sherwood, 5 AD2d 137; Zeitz v Zeitz, 263 App Div 825; Harney v Harney, 110 App Div 20; see, also, Novack v Novack, 226 NYS2d 323; Doré v Doré, 27 Misc 2d 991; 11B Zett-Edmonds-Schwartz, NY Civ Prac, § 42.10).
On the other hand, under our equitable distribution law, each spouse is entitled to explore fully the assets and financial circumstances of the other so that a determination can be made by the court as to the nature and extent of the parties’ marital property, and, thereafter, the court can make an equitable distribution thereof (Domestic Relations Law, § 236, part B, subd 5). Clearly, the entire financial history of a marriage is now subject to complete inspection if a court is to properly determine the rights of the parties to an equitable distribution of marital property as well as the other economic issues arising between them (see Breidbart v Breidbart, NYLJ, March 10,1981, p 13, col 2).
Here, defendant is not merely in default of an order directing payment of a sum of money; rather, by not paying plaintiff the sum of money ordered to enable her to secure the services of a pension actuary, he is actually impeding the process of discovery, and, accordingly, the court holds that where a court directs the payment of a sum of money to be paid to a needy spouse to enable said spouse to secure the services of an appraiser in a matrimonial action for purposes of evaluating marital assets, noncompliance with same shall subject the offending party to sanctions or penalties for nondisclosure pursuant to CPLR 3126.
*765 Accordingly, plaintiff’s motion is granted to the extent that defendant is directed to pay plaintiff the sum of $300 as directed in the above-referenced order within 20 days after service upon defendant’s attorney of a copy of this order, and should defendant fail to comply with this order, plaintiff may submit an ex parte order providing that the issues with regard to defendant’s pension are deemed resolved in accordance with the claims of plaintiff (CPLR 3126, subd 1).