■ LINDA H. ENDES, Respondent, v STEPHEN M. ENDES, Appellant. — In a divorce action, the defendant husband appeals from an order of the Supreme Court, Nassau County (Pantano, J.), dated July 27, 1981, which awarded plaintiff $150 per week temporary alimony, $100 per week child support for the two infant children of the marriage, and directed him to pay the carrying charges on the marital residence, fuel and utility bills, exclusive of telephone service, and the sum of $500 for accounting services. Order affirmed, with $50 costs and disbursements. The 1980 joint income tax return reflected total income of $21,263, all attributable to the defendant husband. The record also indicated substantial business activities of the defendant and includes documentation of substantial cash deposits into the parties' joint account, which account was for personal and household expenses. The *pendente lite* award is consistent with the marital standard of living. Further, the tender ages of the two infant children do not permit any substantial employment by the plaintiff at this time as a trained dental assistant. Discovery by an accounting expert is essential under the circumstances presented and the direction for payment of $500 for such services is reasonable. The husband listed as "unknown" the value of his 50% interest and equity in several business and real estate enterprises. Gibbons, J. P., Weinstein, Bracken and Boyers, JJ., concur.

■ GLADYS F. FERGUSON, Plaintiff, v DONALD J. FERGUSON, Defendant. — Submission of a controversy pursuant to CPLR 3222 to determine whether the parties' separation agreement is void and unenforeable as violative of the public policy of the State of Connecticut. Judgment is rendered in favor of the plaintiff and against the defendant (1) declaring that the agreement entered into by the parties on September 15, 1970 is not void and unenforceable as violative of the public policy of the State of Connecticut and (2) awarding plaintiff damages in the principal sum of $4,925. Plaintiff is awarded $50 costs and disbursements in this action to be taxed by the County Clerk of Nassau County. The law of Connecticut is well settled that a separation agreement entered into by the parties in anticipation of a divorce is not violative of that State's public policy if, as was done here, it is submitted for inspection and approval to the court which granted the divorce (*Walden v Lattarulo,* 6 Conn Cir 118; *Rifkin v Rifkin,* 155 Conn 7; *Hooker v Hooker,* 130 Conn 41; *Lasprogato v Lasprogato,* 127 Conn 510; *Maisch v Maish,* 87 Conn 377). Mollen, P. J., Mangano, Brown and Rubin, JJ., concur.