OPINION OF THE COURT
William R. Geiler, J.
The issue before this court is whether, pursuant to recent amendments to the Domestic Relations Law (L 1980, ch 281, now popularly known as the Equitable Distribution Law), the court may direct an assignment against wages pursuant to section 49-b of the Personal Property Law against a party who has defaulted in paying court-ordered counsel and expert fees to the other party. The court answers the question in the affirmative.
Bjr order of this court dated November 18, 1982 (England, J.), plaintiff was directed to pay certain sums of money for the payment of maintenance, child support and carrying charges on the marital residence. He was further directed to pay the sum of $500 as an interim counsel fee and the sum of $300 to enable defendant to secure the services of a pension actuary (Fay v Fay, 108 Misc 2d 373). To date, said sums remain unpaid after due demand therefore.
Section 49-b of the Personal Property Law authorizes a court to direct a party’s employer to deduct from all moneys due or payable to such person the entitlement to which is based upon remuneration from employment, past or present, such amounts as the court may find to be necessary to *733 comply with its order for the payment of his or her children and/or his or her spouse or former spouse, as well as any accumulated arrears. However, under the law prior to the enactment of the new statute, it was inappropriate to permit the failure to pay counsel fees or fees for expert services to trigger a wage deduction order (Magnussen v Magnussen, 61 AD2d 1041). Section 236 (part B, subd 9) of the Domestic Relations Law provides, however, that the court may enforce court orders in the manner provided by law and may require a party to furnish a surety or order the assignment of wages for the purpose of enforcing any award for maintenance, distributive award or child support and for the payment of reasonable and necessary attorney’s fees and disbursements.
If judgments and orders of the court cannot be enforced, our system of law is bound to fall several notches in the esteem of the party who was awarded them and the public in general, which makes the enforcement of judgments and orders a key moment in a test of the legal and judicial systems (see Siegel, New York Practice, § 476, p 637).
Accordingly, plaintiff’s employer is directed to withhold and deduct from plaintiff’s wages, salary and/or commissions the sum of $40 per week commencing on Friday, February 18, 1983, for a period of 20 weeks and forward said amount to defendant at such address she may designate in writing. Pursuant to section 49-b of the Personal Property Law, said deduction from plaintiff’s entitlement shall take priority over any other deduction or assignment of wages except those made mandatory by law.