■ LENA CARELLA, Appellant, v FRANK J. CARELLA, Respondent. — In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Queens County (Leviss, J.), dated September 28, 1982 as, *inter alia,* (1) directed the defendant husband to pay her only $150 per week temporary maintenance, (2) failed to grant her request, pursuant to CPLR 3111, in effect for an order directing the production, at the examination before trial of the defendant, of "all books and financial records, and financial statements" of specified business entities in which the defendant allegedly owns the majority or sole interest and (3) awarded her only the sum of $500 for expert appraiser's fees. Order modified, by adding thereto provisions (1) that the wife's motion, insofar as it was for the production of business records and documents, is denied, without prejudice, if so advised, to service of a proper disclosure demand, pursuant to CPLR 3111, which identifies the documents and records with reasonable detail, and (2) increasing the award for appraiser's fees to $1,000 without prejudice to plaintiff's application to the trial court for an additional fee, if warranted, and without prejudice to an application by the defendant to the trial court for a credit or adjustment for a part of or all of any sums directed to be paid for said professional services based upon the ultimate disposition of the action. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Since the defendant husband did not dispute the plaintiff wife's allegation that he is the sole owner or holds a majority interest in "Presto Auto Salvage", "Carella Holding Corp." and "Mr. C's", she is entitled to broad discovery of the finances of these business entities (*Rubin v Rubin,* 87 AD2d 587). Although a request to produce materials at an examination before trial, pursuant to CPLR 3111, need not contain the specificity of identity required for the discovery and inspection of material sought pursuant to CPLR 3120 (see *Weiss v Rae,* 87 AD2d 629; *Melnick v Melnick,* 85 AD2d 531) the description should be as detailed as is reasonable to expect under the circumstances (*Melnick v Melnick, supra*). Plaintiff's broad request for the production of "all books and financial records, and financial statements" of the corporations and businesses in which defendant owns the majority or sole interest fails to meet the less stringent standard of specificity applicable to notices pursuant to CPLR 3111. Accordingly, that part of the plaintiff's motion was properly denied. Nevertheless, the denial should be without prejudice to service of a proper disclosure demand, pursuant to CPLR 3111. In order for the court to properly carry out its mandate to make an equitable distribution of the marital property, it has the authority to award to a needy spouse funds to enable the spouse to retain accounting and/or appraisal experts. (See L 1983, ch 86; *Endes v Endes,* 88 AD2d 652; *Gueli v Gueli,* 106 Misc 2d 877.) Plaintiff has been a housewife during the 36-year marriage and is totally unfamiliar with any of defendant's business and real estate holdings. Under the circumstances, an award of $1,000 is more appropriate. To avoid subsequent confusion, it is preferable that the decretal paragraph note the award is without prejudice to an application to the trial court for an additional award, if warranted and without prejudice to an application by the defendant to the trial court for a credit or adjustment for a part of or all of any sums directed to be paid for said professional services based upon the ultimate disposition of the action (see *Gueli v Gueli, supra*). Lazer, J. P., Mangano, Thompson and Gulotta, JJ., concur.