■ CLAIRE RUGGIERO, Appellant, v SALVATORE RUGGIERO, Respondent. — In an action for a divorce and ancillary relief, the plaintiff wife appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau

County (Roncallo, J.), dated December 22, 1982, as (a) denied, without prejudice to renew after an examination before trial, that branch of plaintiff's motion which sought to punish defendant for contempt in failing to pay a court ordered interim accounting/appraisal fee of $750, (b) denied, without prejudice to renew after an examination before trial, that branch of plaintiff's motion which sought to strike defendant's answer for failure to comply with plaintiff's notice of discovery and inspection, (c) limited discovery of the corporate records sought by her in said notice and (d) denied that branch of plaintiff's motion which sought an award of legal fees for instituting the motion; and (2) from so much of an order of the same court dated March 3, 1983, as, upon reargument, precluded defendant from testifying at trial if he failed to appear for an examination before trial pursuant to the order dated December 22, 1982. ¶ Appeal from the order dated December 22, 1982 dismissed. That order was superseded by the order dated March 3, 1983, made upon reargument. ¶ Order dated March 3, 1983, modified (1) by adding thereto a provision directing that at the examination before trial, defendant is to produce for discovery and inspection those items regarding Romal Iron Works, Inc., listed in plaintiff's notice of discovery and inspection dated August 30, 1982, and (2) by adding thereto a provision directing defendant to comply with the provision of a prior order of the same court (Spatt, J.), dated July 26, 1982, which ordered him to pay plaintiff's counsel the sum of $750 as and for an interim accounting/appraisal fee. As so modified, order dated March 3, 1983 affirmed insofar as appealed from. The examination before trial of defendant shall proceed at the place designated in the order dated March 3, 1983 at a time to be fixed by plaintiff's counsel in a written notice of not less than 10 days, or at such other time and place as the parties may agree. The interim appraiser/accountant's fee shall be paid by defendant to plaintiff's counsel within 10 days after service upon defendant of a copy of the order to be made hereon, with notice of entry. ¶ The plaintiff is awarded one bill of costs. ¶ The record herein does not demonstrate a willful disregard by defendant of either the provision of the order dated July 26, 1982 directing him to pay an interim accounting/appraisal fee of $750 or the plaintiff's notice of discovery and inspection dated August 30, 1982. Accordingly, Special Term was correct in denying plaintiff's motion to punish defendant for contempt and to strike defendant's answer. Nevertheless, the provision of the prior order dated July 26, 1982, which ordered defendant to pay an interim accounting/appraisal fee of $750 is still extant and valid (see *Ahearn v Ahearn,* 94 AD2d 53). Accordingly, to avoid any misunderstanding on this issue, the order dated March 3, 1983 has been modified to direct defendant to comply with that provision. ¶ Special Term erred in allowing only limited discovery of the corporate records of Romal Iron Works, Inc. It is true that the limited discovery of corporate records ordered by Special Term is virtually identical to that ordered by this court in *Fox v Fox* (96 AD2d 571) and *Raved v Raved* (71 AD2d 883, 884). However, in those cases the defendants were not majority stockholders in the corporations whose records were sought. In the case at bar, however, defendant has not denied that he is the sole owner of Romal Iron Works, Inc. Under these circumstances, plaintiff should not be restricted in her examination into the defendant's interest in the corporation (*Rubin v Rubin,* 87 AD2d 587). Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.