■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD YACOPINO, Appellant.—Appeal by defendant, as limited by his motion from a sentence of the County Court, Rockland County (Meehan, J.), imposed October 9, 1984.

Sentence affirmed. No opinion.

This case is remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5). Mollen, P. J., Thompson, Niehoff and Rubin, JJ., concur.

(July 15, 1985)

■ CAROL ARONAUER, Appellant, v MARTIN ARONAUER, Respondent.—In a matrimonial action, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Kelly, J.), entered November 9, 1984, which denied her motion to compel discovery and inspection of certain of the financial records of her husband's dental practice and to grant her an award of expert accounting fees pendente lite in the sum of $6,000.

Order reversed, with costs, and motion granted to the extent that discovery and inspection of the subject financial records of the husband's dental practice shall be permitted and plaintiff is awarded expert accounting fees, pendente lite, in the sum of $3,000, without prejudice to her right to apply for an additional award from the trial court if she be so advised.

In light of the broad discovery concerning the parties' finances allowable in postequitable distribution matrimonial matters, there was no reason for Special Term to exclude the requested materials from disclosure (see, Kaye v Kaye, 102 AD2d 682; Ruggiero v Ruggiero, 100 AD2d 875; Colella v Colella, 99 AD2d 794). Moreover, in view of the averments regarding plaintiff's inability to afford any additional discovery and defendant's uncontested ability to pay for same, it was error for Special Term to deny plaintiff an interim award for the services of an accounting expert to help evaluate defendant's dental practice (see, Maratea v Maratea, 103 AD2d 799; see also, Carella v Carella, 97 AD2d 394).

However, upon a review of the record, it appears that a pendente lite award in the amount of $3,000 should be adequate at this juncture. The plaintiff can apply to the trial court for an additional award, if she be so advised (see, Carella v Carella, supra). Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.