■ SUSAN PURDY, Appellant-Respondent, v RICHARD PURDY, Respondent-Appellant.—In a matrimonial action, (1) the plaintiff wife appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 30, 1984, as (a) denied that branch of her motion which sought equal access to the parties' farm property located in Durham, New York, (b) on those branches of her motion which sought pendente lite awards of maintenance and child support, and counsel, appraiser's and accountant's fees awarded her only $500 per week for her maintenance, $125 per week for the support of each of the parties' two children, $5,000 in counsel fees, $1,000 in appraiser's fees, and $3,000 in accountant's fees and precluded her from applying for additional counsel, appraiser's or accountant's fees until trial, and (c) denied her possession of a 1984 Corvette automobile which she had been using prior to the

parties' separation; and (2) the defendant husband cross-appeals from stated portions of the same order. The plaintiff wife also appeals, as limited by her brief, from so much of an order of the same court, dated February 7, 1985, as, upon granting her cross motion for reargument of those branches of her motion pertaining to the pendente lite awards of maintenance, child support and the awards of counsel, appraiser's and accountant's fees, the denial of access to the parties' Durham farm property, and possession of the 1984 Corvette automobile, adhered to its original determination.

The plaintiff wife's appeal from the order dated October 30, 1984 dismissed. That order, insofar as appealed from by her, was superseded by the order dated February 7, 1985, made upon reargument. Cross appeal by the defendant husband dismissed for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]).

Order dated February 7, 1985 modified by (1) granting the plaintiff wife equal access to the parties' Durham farm property, (2) increasing the interim award of counsel fees to $12,000, (3) increasing the interim award of appraiser's fees to $2,000, and (4) granting the plaintiff wife leave to apply to the Supreme Court, Suffolk County, for additional interim awards of counsel, appraiser's and accountant's fees at any time prior to or during trial, if warranted. As so modified, order affirmed, insofar as appealed from, and matter remitted to the Supreme Court, Suffolk County, for a hearing and determination in accordance herewith providing the parties with equal access to the parties' farm. The parties, if they be so advised, may enter into a stipulation providing for such equal access. Order dated October 30, 1984 modified accordingly.

The plaintiff wife is awarded one bill of costs.

Based on the facts of this case, Special Term erred in denying the plaintiff wife's request for access to the parties' jointly owned farm in Durham, New York, on the basis that the family residence which she occupies in Lindenhurst, New York, adequately serves her reasonable needs for shelter. Absent a showing that the defendant husband's exclusive occupancy of the Durham farm was necessary to protect the safety of persons or property, the denial of equal access to the farm was inappropriate (see, King v King, 109 AD2d 779; Hite v Hite, 89 AD2d 577). This result is especially warranted given the defendant husband's misconduct in changing the locks on the subject premises without the plaintiff wife's consent as well as the fact that he purchased a $215,000 condominium

for his own exclusive use following the parties' separation. Accordingly, this matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine an appropriate schedule for the parties' equal access to the farm. If they be so advised, the parties may enter into a written stipulation providing for such equal access.

Special Term's interim awards of counsel and appraiser's fees in the amount of $5,000 and $1,000, respectively, were inadequate. It appears that the discovery required in this action will be comprehensive and that the services of experienced appraisers will be essential, particularly given the parties' extensive real estate holdings. In view thereof, we modify the order of Special Term to increase the interim counsel fee award to $12,000 and increase the interim award for appraiser's fees to $2,000. Under the circumstances of this case, we also find that it was an improvident exercise of discretion to refuse to grant the plaintiff wife leave to apply for additional appraiser's, accountant's, and counsel fees prior to trial, if necessary (see, Domestic Relations Law § 237 [a]).

The proper remedy for the parties' remaining claims of inequities with regard to the pendente lite orders is an early trial. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.