■ CHARLOTTE BROCATO, Appellant, v ANTHONY BROCATO, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Suffolk County (Abrams, J.), dated February 24, 1986, which, in effect, denied those branches of her motion which were for leave to enter a judgment of divorce by default and for an inquest on the financial issues, referred that branch of her motion which was for interim appraisal and accounting fees to the trial court, and granted the defendant husband leave to serve an answer.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the plaintiff's motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

It is undisputed that the defendant failed to interpose an answer within the time stipulated to by the parties and was therefore in default. Regardless of the reasons asserted by the defendant as an excuse for his failure to interpose an answer, he has not only failed to assert the existence of a meritorious defense to the action, but has conceded that "there is no real issue with regard to a divorce", has admitted the allegations of the complaint with regard to his abandonment of the plaintiff, and has affirmatively requested that the court enter a judgment of divorce in favor of the plaintiff and set the matter down for a hearing on the financial issues. Under these circumstances, it was error for Special Term to deny the plaintiff's request for an order granting her a judgment of divorce upon the defendant's default (CPLR 3215).

Further, Special Term should not have denied the plaintiff's request for an interim award of appraisal fees and accounting fees, each in the amount of $2,000. From the record, it is clear that the defendant has business interests and real estate

investments, in addition to two residential properties, which must be evaluated in order to allow the court to properly carry out its mandate under the Equitable Distribution Law *(see, Purdy v Purdy,* 117 AD2d 659; *Carella v Carella,* 97 AD2d 394).* The sums requested for these services were not unreasonable *(see, Purdy v Purdy, supra)* and it is clear from the record that the defendant, who has the more significant financial resources, should be directed to pay these costs (Domestic Relations Law § 237 [a]; *Purdy v Purdy, supra; Carella v Carella, supra).* Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.