■ JEAN F. O'SULLIVAN, Appellant, v JOHN J. O'SULLIVAN, Respondent.—Casey, J. Appeal from an order of the Supreme Court (Hughes, J.), entered May 24, 1988 in Albany County, which denied plaintiff's motion for various forms of pendente lite relief.

On a prior appeal (O'Sullivan v O'Sullivan, 126 AD2d 784, lv dismissed 69 NY2d 984), we reversed the order of Supreme Court which granted a motion by defendant after trial to dismiss plaintiff's complaint for failure to state a cause of action, and reinstated the complaint. Pending appeal to this court of the prior judgment, plaintiff applied for and received temporary support and maintenance from Family Court. Fam-

ily Court, by order dated November 13, 1986, ordered defendant to pay $10,960 of arrearage and awarded plaintiff $240 per week in prospective maintenance, in addition to child support and medical and educational expenses for the parties' daughter. Family Court denied plaintiff's motion for exclusive possession of the marital residence on the ground of lack of jurisdiction and acknowledged plaintiff's entitlement to counsel fees, but reserved decision on the amount of such fees.

After our prior reversal, plaintiff served an amended complaint and defendant served an amended answer. With issue joined, plaintiff moved pendente lite by order to show cause for the following relief: (1) an award of temporary exclusive possession of the marital residence, (2) an order restraining defendant pending equitable distribution from dissipating or encumbering marital assets, (3) the appointment of an appraiser, an actuary and an accountant to value certain marital assets, (4) an award of interim fees for the service of such appraiser, actuary and accountant, and (5) an award of interim counsel fees. The motion was denied in all respects and this appeal by plaintiff ensued.

Initially, we find no merit in plaintiff's claim that she was denied due process by the manner in which Supreme Court decided the motion without considering plaintiff's reply affirmation which was served on May 11, 1988, one day after Supreme Court's determination. Plaintiff had ample opportunity to be heard in regard to her motion *(cf., Jillsunan Corp. v Wallfrin Indus.,* 79 AD2d 943; *Matter of Shleifman [Steinberg],* 79 AD2d 587). As to plaintiff's further claim that there may have been improper ex parte communication between defendant and Supreme Court, we find this claim no more than mere surmise and speculation. We also conclude that Supreme Court properly denied plaintiff's request for exclusive temporary possession of the marital residence, since plaintiff failed to show that such relief was necessary to protect the safety of persons and property then residing in such residence or that defendant posed any threat to safety of plaintiff's person or property *(see, Tessitore v Tessitore,* 140 AD2d 786). In regard to plaintiff's counsel fees, it appears that plaintiff's counsel has already been paid $4,000 as part of the related Family Court proceeding. In addition, counsel has received a $5,000 retainer. In support of her pendente lite application for interim counsel fees, the claimed reasonable amount is $10,000. Since a trial of the action is imminent, it seems appropriate to defer further payment of counsel fees until that time when counsel fees may be more accurately

assessed, as Supreme Court determined. We further agree with Supreme Court's denial of plaintiff's request for the appointment of an actuary, as the value of defendant's pension is apparent from the documentation provided by his employer.

As to the denial by Supreme Court of the other interim relief requested by plaintiff, we disagree. The record reveals that defendant lists assets totaling over $230,000 and a salary of $54,000 per annum, while plaintiff lists no assets except the $240 a week she receives from defendant in maintenance. Defendant's assets are many and varied, and in some cases elusive. He holds title to the marital residence which he values at $140,000. He has inherited other land from his family, on some of which he made a profit of $60,000 upon its sale in 1973. With part of the proceeds of this sale he purchased bonds for $35,000, but the bonds remain unaccounted for. Defendant owns Treasury bills purchased in 1981 for $40,000, which were not set forth in his statement of net worth. He has an IRA valued at approximately $14,000, a savings account, and other stocks and bonds. In August 1982, one day before the commencement of this action, defendant purchased 3,000 shares of Ohio Edison stock which he sold in 1986 for $61,796.92. Defendant claims he lost $48,000 of this amount gambling in Atlantic City and Las Vegas during the pendency of this action. This admission, in our view, requires an order restraining further dissipation of assets (cf., Cohen v Cohen, 142 AD2d 543).

The extent, complexity and elusiveness of the other investments, as partially indicated above, require the appointment of an accountant to trace and evaluate such investments to insure proper equitable distribution (see, Brocato v Brocato, 126 AD2d 695). As to the value of the marital residence, that has been set by defendant only. It is, therefore, necessary for Supreme Court to appoint an appraiser to appropriately appraise the marital residence for the purpose of equitable distribution (see, supra). In view of the disparate financial conditions of the parties, defendant should pay the reasonable cost of the accountant and the appraiser, pending the final outcome of the action (see, Domestic Relations Law § 237 [a], [d]; Brocato v Brocato, supra).

Order modified, on the law and the facts, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion to restrain defendant from dissipating marital assets and for the appointment of an appraiser and an accountant at defendant's expense; motion for such relief granted; and, as so

modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.