(April 10, 1990)

■ SIDNEY GELLMAN, Plaintiff, v PENELOPE GELLMAN, Respondent. MONTCALM PUBLISHING CORP., Nonparty Appellant. —Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered June 19, 1987, which directed further discovery, including enforcement of its order denying nonparty Montcalm Publishing Corp.'s motion to quash a subpoena duces tecum, unanimously affirmed, without costs.

The underlying action is a matrimonial action in which the plaintiff husband and defendant wife have claimed and counterclaimed for divorce. The plaintiff husband is a practicing physician, but he also derives substantial income from his interest in Montcalm Publishing Corp. Plaintiff owns 50% of the stock in this closely held corporation and is its president.

At an early stage in this matrimonial action, the defendant served plaintiff with a notice to produce certain documents of Montcalm in connection with his duly noticed examination before trial. At the deposition, the plaintiff asserted that he was unable to produce the books and records of Montcalm, even though he was its president and 50% owner. As a consequence, defendant was forced to serve a subpoena duces tecum and notice to take deposition directly upon Montcalm

on September 23, 1986. After various submissions of motion papers relating to Montcalm's motion for a protective order quashing the subpoena, the IAS Judge ultimately issued an order, dated June 19, 1987, directing Montcalm to comply with the discovery notice and to produce said documents by July 6, 1987. Montcalm never complied with the court's order. Failure to pursue compliance remedies at that time may be attributable to the fact that not long after the court's order was entered defendant changed attorneys and then for a period from January 1988 until October 1988 defendant was without counsel. During the time that defendant was proceeding *pro se,* she also was hospitalized for a lengthy period.

The trial commenced without defendant's presence in September 1988. When the court was informed of defendant's hospitalization, it adjourned the trial to give defendant an opportunity to appear, and to obtain new counsel, if so advised. Defendant's newly retained current counsel conscientiously reviewed the file and investigated the case. Counsel discovered and advised the court that plaintiff was convicted of certain misdemeanor crimes dealing with the use of a laboratory to conduct his private lab work, which also implicated the possibility of improprieties in the reporting of income derived from that lab and raised questions about his credibility. Accordingly, the IAS Judge adjourned the trial to allow defendant's attorney to conduct further discovery on this matter. Reminded also of the failure to have full disclosure of plaintiff's finances vis-à-vis Montcalm, the IAS court also directed that, notwithstanding defendant's earlier failure to press the matter, defendant be allowed further discovery of Montcalm, in accordance with the earlier subpoena which Montcalm had never complied with, in disregard of the court's order.

The Uniform Rules for Trial Courts permit the court to grant further pretrial proceedings where unusual or unanticipated circumstances have subsequently developed (22 NYCRR 202.21 [d], [e]). As the foregoing recitation of the background of this action indicates, "unusual or unanticipated circumstances" are certainly present here. The record reveals that the IAS court was fully apprised of all the salient facts, both by way of correspondence from defendant's new attorney as well as plaintiff's attorney, and in submissions made during court conferences where plaintiff had a full opportunity to respond to the defendant's contentions. The appellant's insistence on the need for an affidavit as a formal requirement exalts form over substance and ignores the realities of the

desirable, flexible practices which are intended to obtain under the IAS system, especially in matters of discovery and other pretrial proceedings. An IAS court is to be granted broad discretion in controlling the progress of litigation on its own Trial Calendar, and the court clearly did not abuse that discretion in this case.

It is also claimed that the defendant has not established the relevance of the material sought. In a matrimonial action, under equitable distribution and Domestic Relations Law § 236 (B) (4), broad financial disclosure is necessary and required. The entire financial history of the marriage must be open for inspection and may include the financial holdings and resources of the parties over a considerable period of time (e.g., Lobatto v Lobatto, 109 AD2d 697; Kaye v Kaye, 102 AD2d 682; Roussos v Roussos, 106 Misc 2d 583). Courts have often ordered extensive disclosure of the financial affairs of closely held corporations, even where the spouse is only a minority shareholder (e.g., Kaye v Kaye, supra; see also, e.g., Ruggiero v Ruggiero, 100 AD2d 875). Here, plaintiff is the president and 50% shareholder of Montcalm and derives substantial income from that corporation. In view of that relationship, it can hardly be gainsaid that disclosure of Montcalm's financial position is relevant to defendant's financial status.

The conclusory allegation by the plaintiff that discovery of this financial information is irrelevant because his interest in Montcalm is wholly "separate property" cannot be established on the sparse record before us. While the ultimate merit of such "separate property" claim will be a major issue at trial and cannot, and should not, be determined before full examination of the issue at trial under the glare of an adversarial proceeding, plaintiff's conclusory claim in that regard does not provide an appropriate basis for precluding pretrial disclosure of the requested relevant financial information previously directed.

Accordingly, the order denying Montcalm's motion for a protective order is affirmed, and Montcalm must comply with the subpoena according to its terms. Concur—Murphy, P. J., Ross, Ellerin, Smith and Rubin, JJ.