2009 OK CIV APP 26

**In the Matter of the Marriage of LAHMAN.**

**James Bradley Lahman, Petitioner/Appellant,**

v.

**Karen Janett Lahman, Respondent/Appellee.**

No. 104,659.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 6, 2009.

Certiorari Denied March 11, 2009.

Barry K. Roberts, Norman, OK, for Appellant.

Heather Hillburn Burrage, Durant, OK, for Appellee.

LARRY JOPLIN, Judge.

¶ 1 Petitioner/Appellant James Bradley Lahman (Husband) seeks review of the trial court's order dividing marital property and awarding alimony in lieu of property division to Respondent/Appellee Karen Janett Lahman (Wife). In this proceeding, Husband asserts the trial court erred in admitting testimony and affected an inequitable division of property.

¶ 2 Husband and Wife married in 1995. Into the marriage, Husband brought substantial ranch property located in Atoka County, Oklahoma. Of the marriage, one child was born.[1] During the marriage, the parties operated the ranch and a manufacturing business, and acquired personal property and debt.

¶ 3 Husband commenced the instant action for dissolution of the marriage in July 2005, requesting an award of his separate property and the division of marital assets and debt. Wife answered and asserted a counter-claim for a divorce and the division of the marital assets.

¶ 4 At trial, Wife called Daniel C. Benco as an expert witness to express his opinion on the value of the property at issue. Husband objected. After a preliminary examination, the trial court allowed Benco's testimony "as an accountant based solely on the income approach" to property valuation, but noted Benco was "not an expert appraiser," that Benco "did not take into consideration other matters ... normally taken into consideration by appraisers such as comparable sales ...," and stated that "his lack of expertise will [affect] the value the Court gives to his testimony."

¶ 5 Both Husband and Wife testified, and both offered their opinion and evidence concerning value of the marital assets and extent of marital debt. Husband estimated the value of the ranching business, the manufacturing business (with no "good will" value) and other divisible property at between $483,000.00 and $509,000.00, subject to total marital debt of slightly less than $477,000.00. Wife estimated the value of the ranching business, the manufacturing business and other divisible marital property at about $485,000.00, subject to total marital debt of slightly less than $349,000.00.

¶ 6 Wife also recalled Benco. Over Husband's renewed objection, the trial court allowed Benco to express his opinion concerning value of the manufacturing business, which he estimated at $4.345 million.

¶ 7 By decree filed October 24, 2006, the trial court awarded Husband the real property brought to the marriage as his separate property, the farm equipment and attendant debt. The trial court awarded Wife personalty, a car subject to debt, and alimony in lieu of property division in the amount of $87,699.74. The trial court reserved any issues concerning value of the manufacturing business and its "good will" for future hearing.

¶ 8 Over Husband's objection, the trial court subsequently appointed Martin VanMeter to appraise the good will of the business. After an additional hearing, and on consideration of the appraiser's testimony and evidence, the trial court valued the business's good will at about $35,500.00, and ordered Husband to pay one-half of that amount to Wife.

¶ 9 Husband first argues the trial court erred in appointing an appraiser to value the

---

1. Husband raises no issue concerning the trial court's award of the child's custody to Wife, or the trial court's determination of child support.

good will of the business after both parties had presented all their value evidence and rested. Husband asserts the trial court should have decided the issue based solely on the evidence adduced by the parties.

■ ¶ 10 The trial court is charged by statutory mandate to make such a division of property "as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties." 43 O.S. § 108. "As to such property ... acquired by the parties jointly during the marriage, ... the court shall make such division ... as may appear just and reasonable...." 43 O.S. § 121. The trial court's division of marital property will not be disturbed on review unless affected by an abuse of discretion. *Gray v. Gray,* 1996 OK 84, ¶ 15, 922 P.2d 615, 620.

¶ 11 As a general proposition, Oklahoma law permits the trial court, in the exercise of its discretion, to call and interrogate its own witnesses or the witnesses of the parties. 12 O.S. § 2614(A), (B). While the comment to § 2614 suggests this power "should be exercised sparingly, particularly in jury cases where the jury might be unduly influenced by the court's participation in the presentation of evidence," there is no potential for undue influence of the fact finder in a non-jury trial. See, 12 O.S.A. § 2614 (West 2008).

¶ 12 Further, it is generally accepted the trial court possesses the discretion to appoint appraisers to value marital assets, particularly where the parties have not presented sufficient evidence on the issue. 24 Am.Jur.2d, Divorce, § 544 (West 2008).[2] While the parties cite, and we find, no Oklahoma authority directly on point, the courts of other jurisdictions clearly recognize the discretionary authority of the trial court to appoint appraisers. *See, e.g., Dover v. Dover,* 821 S.W.2d 593 (Tenn.App.1991); *In re Marriage of Hargrave,* 163 Cal.App.3d 346, 209 Cal.Rptr.

764 (Cal. App.2d Dist.1985); *Gueli v. Gueli,* 106 Misc.2d 877, 435 N.Y.S.2d 537. (N.Y.Sup. 1981); *Robinson v. Robinson,* 569 S.W.2d 178 (Ky.App.1978); *Lavene v. Lavene,* 148 N.J.Super. 267, 372 A.2d 629 (A.D.1977). As the court in *Lavene* observed:

> The parties, of course, have the primary obligation of adducing those proofs which will enable the judge to make sound and rational valuations [of the marital property]. [T]he parties must fully cooperate in the court's difficult valuation task and, where necessary, must secure the assistance of appropriate experts to appraise business interests.... The judge should not refrain from appointing his own expert as well, where the parties' proofs do not provide him with sufficient foundation and guidance....

372 A.2d at 633.

■ ¶ 13 In Oklahoma, the trial court's choice of method for the valuation of marital property and its determination of value will not be disturbed on appeal unless contrary to law or the clear weight of the evidence. *See, e.g., Thompson v. Thompson,* 2005 OK CIV APP 2, ¶ 18, 105 P.3d 346, 353; *Johnson v. Johnson,* 1983 OK 117, ¶ 15, 674 P.2d 539, 544. Given the power of the trial court to call and interrogate witnesses under § 2614, and in accord with the cited authorities, we are satisfied the trial courts of this state likewise possess the discretionary authority to appoint appraisers for the valuation of marital estates. Consequently, we will not disturb the trial court's discretionary decision to appoint an appraiser unless the trial court has abused its discretion.

¶ 14 In the present case, the trial court reserved the issue of the valuation of the business and its good will for a future hearing, and the trial court possessed the discretion to continue hearing on the issue of value. Given the weakness of Benco's testimony, and Husband's assertion of no good will value, we hold the trial court also possessed the discretion to appoint an appraiser to value

---

2. "In an equitable distribution proceeding, the parties have the primary obligation of adducing those proofs which will enable the judge to make sound and rational valuations; to that end, the parties must fully cooperate in the court's difficult valuation task and, where necessary, must secure the assistance of appropriate experts to appraise business interests. If the parties fail to produce accounting experts who can assist in the valuation of business interests, the judge should not refrain from appointing his or her own expert."

the business good will. Having reviewed the record, we cannot say the trial court abused its discretion in appointing VanMeter to appraise the business good will. We likewise cannot say the trial court's chosen method of valuation or its determination of value is against the clear weight of the evidence.

¶ 15 In his second proposition, Husband challenges the trial court's division of property as inequitable. Particularly, Husband complains the trial court awarded to Wife marital property and debt, which (according to her testimony) had a net value of about $102,000.00, but awarded to him marital property subject to debt, which, when combined with his obligation to pay Wife alimony in lieu of property division, resulted in total liabilities exceeding the value of the assets, or, a "negative" property award of $97,000.00.

¶ 16 In the present case, the trial court awarded Husband his separate real property, increased in value by joint industry and subject to a marital debt, the business subject to debt, and the farm equipment subject to debt. While the Journal Entry of Judgment sets out the specific amount of marital debts, the value assigned to the marital assets is not specified.

¶ 17 According to Wife, however, the value of the assets awarded to Husband (not including the value of his separate real property) was about $550,000.00, subject to debt of about $465,000.00, for a net award of about $85,000.00. By these figures, the net value of Wife's award is not significantly greater than the net value of Husband's award, and mathematical equality is not required. *See, e.g., Gray,* 1996 OK 84, ¶ 15, 922 P.2d at 620. Under these circumstances, we cannot say the trial court abused its discretion in dividing the marital estate.

¶ 18 The order of the trial court is AFFIRMED.

ADAMS, P.J., and HANSEN, J., concur.