Harold Tessler, J.
The plaintiff, as a taxpayer of the City of New York, State of New York and the United States of America, has brought this action to enjoin the defendant from using portions of the property acquired by it, pursuant to the Federal Housing Act of 1949 (U. S. Code, tit. 42, § 1401 et seq.), as public parking areas. He now moves for a temporary injunction restraining said use.
While it is true that it is provided in the contract between the City of New York and the defendant, dated October 8, 1959, that it was not to use, rent, license or permit the temporary use of the buildings, structures or vacant land in the area except for temporary arrangements with occupants therein on the date of acquisition of title and for temporary relocation of site occupants to deferred areas with the approval of the Commissioner of Beal Estate, it is clear that the temporary use of the land in question for parking purposes during the Summer months, commencing July 1, 1960, and terminating September 30, 1960, is with the approval and sanction of the various city and Federal agencies and departments involved. Indeed, the approval for such use was for an area more than twice that" actually being utilized for the temporary parking purposes sought to be enjoined. It was conditioned upon the defendant’s compliance with certain regulations specified by the Housing and Bedevelopment Board, subject to payment of an additional land price to the city for such temporary use of the vacant area, with charges for parking to be fixed in accordance with a schedule set up by the board, with all costs and expenses for the preparation of the area for parking to be met by the defendant and with the net proceeds from the operation to be deposited to the project account, subject to the audit of the City of New York and the Federal Government, to be used in accordance with the provisions of section 508 of the contract between the city and the corporation.
To the defendant’s objection that he has failed to establish any right of action as a taxpayer within the ambit of section 51 of the General Municipal Law, the plaintiff contends that since he here sues a private stock corporation and not an officer, agent, commissioner or other person acting on behalf of a *266 municipal corporation, said statute is inapplicable and that he bases his right to sue as a third-party beneficiary of a contract, pursuant to such authorities as Lawrence v. Fox (20 N. Y. 268) and Pond v. New Rochelle Water Co. (183 N. Y. 330). The plaintiff overlooks, however, the language of section 910 of the contract between the defendant and the city, dated October 8, 1959, which provides that nothing expressed in or to be implied therefrom: “ is intended or shall be construed to give any person, firm or corporation, other than the parties hereto and the holder or holders of the first mortgage and the second mortgage authorized by Paragraph 406 and the Federal Housing Commissioner or his successors in office, any legal or equitable right, remedy, or claim under this Agreement, or under any provisions herein contained; this Agreement and all such provisions being for the sole and exclusive benefit of the parties hereto and the holder of the mortgages, and the Federal Housing Commissioner or his successors in office, except as in Paragraph 906 provided.”
Accordingly, the plaintiff has no right whatsoever as a third-party beneficiary under said contract. (Matter of Waxenbaum v. Seward Park Housing Corp., 24 Misc 2d 35.) Even if this action be deemed brought by an individual to restrain a public injury or the invasion of a public right, he has made out no case for such relief since he has not shown that he has sustained special injuries different from those suffered by the public at large.
In Graceland Corp. v. Consolidated Laundries Corp. (7 A D 2d 89) where the parking and storing of trucks and automobiles by the defendant laundry on a public pedestrian’s sidewalk in front of its plant adjacent to the premises of the plaintiff was enjoined upon a showing that he sustained special damages, the court observed at page 91: “ In the absence of special damage to another, such public nuisance is subject only to correction at the hands of public authority. It is equally clear, however, that one who suffers damage or injury, beyond that of the general inconvenience to the public at large, may recover for such nuisance in damages or obtain injunction to prevent its continuance.”
The court is of the opinion that in any event the drastic remedy here sought cannot be granted because the ultimate relief sought by the plaintiff is doubtful and he has not shown that he is threatened with irreparable injury. His contention that the continuance of the use of the land even for a temporary period will allow tax money to be perverted from the original purpose of expediting the erection of dwelling accommodations *267 and, in effect, allow the use of tax money to be utilized to set the defendant up in a parking lot business is not only belied by the terms of the approval by the Federal and city authorities of part of the premises for such temporary use, but does not spell out irreparable injury because as a taxpayer he has contributed part of said tax money. A temporary injunction may not be granted unless the moving papers establish that some act is being done, threatened and imminent, which will be destructive of plaintiff’s rights or cause actual, material and irreparable injury, as distinguished from fanciful, theoretical or merely possible injury. (People v. Canal Bd., 55 N. Y. 390; McGillicuddy v. Monaghan, 280 App. Div. 144.)
Moreover, it is clear from the papers submitted that the defendant, as sponsor of the housing project, does not intend to develop any land in the area for parking purposes which has not heretofore been so used and that the temporary use of a portion for such purposes will not delay the construction of the housing-project. It has been represented by the defendant to this court that: “ Construction was never scheduled to commence at any time prior to October 1960. The permission to utilize these areas for parking expires September 30, 1960. This land has been cleared ahead of schedule and at the corporation’s expense and is now vacant and ready for the commencement of construction scheduled to begin after October 1, 1960. Thus, no delay can be occasioned by this limited use of this vacant land.” The motion is accordingly denied.