■ MARY E. WALSH, Doing Business as 109 LIQUORS, et al., Individually and on Behalf of Other Licensees Similarly Situated, Appellant-Respondents, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent-Appellant.— In an action for a declaratory judgment and to permanently enjoin the defendant State Liquor Authority from issuing any package store licenses pursuant to its Bulletin No. 390 and its rule 17 (9 NYCRR Part 42) on the ground that said bulletin and rule are arbitrary and capricious: (1) the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County, entered April 12, 1965 upon reargument, as denied their motion for an injunction *pendente lite*; and (2) the

defendant cross-appeals from so much of the order as vacated a prior order granting its motion to dismiss the complaint for patent insufficiency and in effect denied said motion and reinstated the complaint as sufficient. Order, insofar as appealed from by the plaintiffs, affirmed, without costs. Order, insofar as appealed from by the defendant, reversed, without costs; defendant's motion to dismiss the complaint granted, and complaint dismissed, without costs, and without prejudice to the commencement of a new action as herein indicated, if plaintiffs be so advised. Special Term initially dismissed the complaint on the ground that it could not be presumed that defendant would act illegally at some future time in approving applications for package store liquor licenses without determining whether the public convenience and advantage would be served. On plaintiffs' motion for reargument, they alleged that, after argument of the original motion, defendant had conditionally approved an application for a license. Special Term thereupon reinstated the complaint, holding that the complaint could now be deemed to be directed against an actual illegal act rather than against a hypothetical future illegal act. We do not agree. As a matter of pleading, there is little difference between a conclusory allegation that defendant *will* do something illegal and an equally conclusory allegation that defendant *has* done something illegal. In either case, the complaint remains barren of *facts* tending to show that the application had been conditionally approved by the Authority without a determination of the public convenience and advantage. While the Civil Practice Law and Rules has liberalized the requirements of pleading, it still demands " Statements in a pleading [which] shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense " (CPLR 3013; cf. *Jennings* v. *Burlington Ind.*, 19 A D 2d 877, 878). We think that requirement was not met by this complaint. Plaintiffs, if so advised, may in the future commence a new action based on allegations of facts tending to show that defendant has approved a license application without consideration of the public convenience and advantage. Of course, in any such action the licensee should be joined as a party defendant. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.