Domenick L. Gabrielli, J.
The plaintiff seeks a preliminary injunction restraining the defendant “ from selling, publishing, uttering, or otherwise disseminating a secret customer list of the plaintiff.” The plaintiff asserts that when the defendant entered the plaintiff’s employ as a salesman, a contract was executed which provided that if the defendant left the firm, he would not disclose to anyone any secret or confidential information acquired during the employment. The .plaintiff further claims that a customer list was furnished to the defendant and that when he left the plaintiff’s employ, he refused to return the list. The defendant categorically denies this. He further asserts no such contract of employment was ever signed and that he no longer has any customer list of any kind *464 and, further, that any list he had was merely the names of the firms buying like products, which, names could be had in any trade journal.
In addition, it appears that the defendant is presently employed as a real estate salesman and has nothing to do with any business allied with that of electronics, which is the plaintiff’s chief business.
One of the issues created is the existence of any such customer list, an allegation which the defendant denies. Assuming, however, for the purpose of this motion, that such was in existence, it would be incumbent upon the plaintiff to show either that such a list was presently being used or threatened to be used and disseminated by the defendant and that irreparable harm was being suffered by the plaintiff.
In claims of this nature, an allegation of threatened injury during the pendency of the action must be supported by factual demonstration. Apprehensions will not qualify as irreparable injury or justify the issuance of a preliminary injunction. Relief will be granted to prevent only acts that are occurring or acts that are threatened and fairly certain to occur. (1130 President St. Corp. v. Bolton Realty Corp., 300 N. Y. 63; Martin v. Dayton Seaside Corp., 25 Misc 2d 264.)
The burden of establishing the undisputed right to the drastic remedy of a temporary injunction is upon the plaintiff. (Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182; Childhood Interest v. Hardwood Toy Mfg. Corp., 64 N. Y. S. 2d 808; Park Terrace Caterers v. McDonough, 9 A D 2d 113.)
Whether or not plaintiff will be entitled to an injunction after a trial cannot now be determined. Suffice it to say, however, that upon the facts before the court, the drastic remedy of a preliminary or temporary injunction should not be granted. (See Harper Successors v. Sandab Realty Corp., 40 Misc 2d 6; Weiss v. Mayflower Doughnut Corp., 130 N. Y. S. 2d 264, affd. 285 App. Div. 1031; Rialto Luncheonette v. 1481 Broadway Corp., 170 Misc. 754.)
Issues as to the execution of a contract of employment, the existence of any customer lists, and the defendant’s present employment, have been clearly created by the pleadings and motion papers. These issues form the crux of the entire controversy and are in serious dispute. In such circustances, the remedy of preliminary injunction should not be granted.
In sustaining this view, the Fourth Department in Duro-Test Corp. v. Donaghy (9 A D 2d 860) said that “ ‘When the facts upon which the right to a final judgment depends are a matter of substantial controversy between the parties, an *465 injunction pendente lite will not be granted but the rights of the parties will be determined only after a trial of the issues.’ ” (See, also, Voorhees & Hobart v. Hobart, 251 App. Div. 111, 112; Geed v. Braunsdorf, 277 App. Div. 1001; Morrin v. Structural Steel Bd. of Trade, 231 App. Div. 673.)
Indeed, this pronouncement which has solid foundation in logic, has long been the rule. In 1896, this Department, in Warsaw Water Works Co. v. Village of Warsaw (4 App. Div. 509, 510-511) in sustaining a Special Term order vacating a temporary injunction stated as follows: “ The questions involved in this action cannot be satisfactorily decided until the issues of fact have been tried and determined, and we ought not and will not attempt to define and settle the ultimate rights of the litigants on affidavits, and, without expressing any opinion upon the questions involved further than to say that the rights asserted by the plaintiff, as the foundation for the relief sought, are not so clearly established in the affidavits as to authorize this court to restore and continue the injunction pendente lite.”
Preliminary injunctions which actually determine the litigation and give to one of the parties the exact same relief which might be ultimately obtained after a trial, should be granted, if at all, with great caution and only when the necessity therefor is shown to be urgent. (Maloney v. Katzenstein, 135 App. Div. 224; Bobrose Developments v. Jacobson, 251 App. Div. 825.)
There is no justification for a preliminary injunction if the ultimate relief is doubtful of attainment, or where an immediate trial is possible. (Suma v. Landriscina, 36 N. Y. S. 2d 279; Village of Mamaroneck v. Lichtie, 72 N. Y. S. 2d 686.)
The circumstances indicate the need of an early trial. All pretrial procedures can be disposed of within a very short time. In view of these circumstances and for the other reasons hereinabove outlined, the application for a preliminary injunction is denied, without prejudice; the parties shall complete all preliminary procedural matters by October 1, 1965; the action shall be set down for immediate trial thereafter and, subject to trial matters then pending, a preference should be granted.