OPINION OF THE COURT
Bentley Kassal, J.
This is a contested matrimonial action, commenced by the plaintiff wife, in which she seeks a divorce, maintenance, equitable distribution and counsel fees. The defendant husband has not counterclaimed for equitable distribution. At this time, counsel for the plaintiff has made an oral application to the court for a temporary restraining order, effective immediately, to restrain the defendant husband from disposing of or otherwise alienating his assets pending a determination of the motion for a temporary injunction seeking the same relief, inter alla.
The issue presented is whether, with the advent of the era of equitable distribution, the court should strive to keep the parties’ financial posture essentially in the same position as it was at the commencement of the action.
The interests of justice, in an equitable distribution case, require that the assets of both parties not be significantly disturbed or rearranged by being transferred, relocated or altered, by loans, liens or otherwise, until there has been a final determination by the court as to what the assets are and the rights of the respective parties thereto in terms of ownership and possession.
*815 Obviously, a party against whom a claim for equitable distribution and/or maintenance is made may seek to minimize the assets possessed, by way of disposition or otherwise, so as to affect the court’s decision. This is so since it is in the interest of the spouse resisting a claim for equitable distribution to show the least amount of personal assets possible. Similarly, the interest of the party seeking equitable distribution is to minimize its own personal assets.
Accordingly, with the emergence of equitable distribution in New York’s legal firmament, the financial status quo of both parties, as it existed at the time of the commencement of the action, should be maintained until and unless a court has had a proper and fair opportunity to appraise the evidence presented.
Apparently, the State of Michigan and allegedly, other jurisdictions, which do have equitable distribution, have followed the practice of restraining any abnormal disposition of the parties’ assets except in the course of regular business and personal affairs, unless prior permission be obtained from the court. This approach is logical and persuasive.
Accordingly, I am directing that, without the prior order of this court, neither party may alienate, hypothecate, or otherwise dispose of or encumber any asset or any interest therein, except in the normal course of business or personal affairs. I recognize that there are valid reasons for other transfers, not in the normal course of business or personal affairs, and thus, either party may apply to Special Term, Part V, for leave to dispose of or otherwise deal with such assets in an appropriate manner.