OPINION OF THE COURT
Morris Slifkin, J.
This is an action for divorce commenced by service of summons only, wherein the ancillary relief of declaration of marital property and equitable distribution thereof is demanded. No complaint has been served. Plaintiff now moves for an order restraining defendant from selling, transferring, or otherwise disposing of his real property and business, without the permission of the court, pending the trial of the action.
In support of this motion, plaintiff alleges that when the parties were married, neither “had much of anything”. Now, they have a home, a printing business and an interest in another printing business with defendant’s family. These assets are in defendant’s name. It is claimed that “Upon information and belief, defendant will transfer his interest to either his brother or his father and may transfer other property.” Justification for this belief is defendant’s cessation of payment of “certain bills and expenses” in connection with the parties’ home and that, “upon information and belief, defendant has surreptitiously switched deponent’s diamond ring for an imitation zircon stone”.
*155 In response, defendant avers that he earns his living from his business and that he has no intention of transferring his interest or any portion thereof to anyone; plaintiff has played no role in the growth of the business; defendant has no intention of selling the house; and defendant has not done anything with regard to plaintiff’s ring.
Plaintiff’s demand for injunctive relief is based on conjecture. Not a shred of evidentiary substantiation for the proposition that defendant is selling, transferring or otherwise dealing or disposing of assets held in his name has been advanced by plaintiff. Nor, in fact, has plaintiff advanced any particular argument as to how she would be prejudiced by such dealing although, with respect to the home, the prejudice would appear obvious.
Rather, plaintiff’s claim of right to injunction rests upon the notion that the principles underlying part B of section 236 of the Domestic Relations Law (the “equitable distribution” statute) mandate imposition of the status quo upon all property owned by the disputants in matrimonial litigation. This concept finds support in the recently decided Froelich-Switzer v Switzer (NYLJ, Jan. 23, 1981, p 4, col 3) wherein the court directed that neither party could dispose of any asset “except in the normal course of business or personal affairs”, with a right to apply to the court for leave to otherwise dispose of any asset. The rationale for this order was the following:
“The issue presented is whether, with the advent of the era of equitable distribution, the Court should strive to keep the parties’ financial posture essentially in the same position as it was at the commencement of the action.
. “The interests of justice, in an equitable distribution case, require that the assets of both parties not be significantly disturbed or re-arranged by being transferred, relocated or altered, by loans, liens, or otherwise, until there has been a final determination by the court as to what the assets are and the rights of the respective parties thereto in terms of ownership and possession.
“Obviously, a party against whom a claim for equitable distribution and/or maintenance is made may seek to minimize the assets possessed, by way of disposition or other *156 wise, so as to affect the court’s decision. This is so since it is in the interest of the spouse resisting a claim for equitable distribution to show the least amount of personal assets possible. Similarly, the interest of the party seeking equitable distribution is to minimize its own personal assets.
“Accordingly, with the emergence of equitable distribution in New York’s legal firmament, the financial status quo of both parties, as it existed at the time of the commencement of the action, should be maintained until and unless a court has had a proper and fair opportunity to appraise the evidence presented.”
This court is not convinced that the extraordinary remedy of a preliminary injunction should be granted as a matter of course in matrimonial litigation wherein equitable distribution is claimed. It is a remedy which is unauthorized as a matter of law, absent a showing mandated by statute, and it is a remedy which is unnecessary, as a matter of fact, absent a showing of special circumstances.
The general statutory provisions for preliminary injunctions are contained in CPLR article 63. Although there are other injunction statutes, applicable to particular situations (e.g., Labor Law §§ 807, 808), none is applicable hereto. Although neither plaintiff nor the afore-cited decision speak of the issue as one involving injunction, it is clear that injunction is the relief sought herein and granted in that decision. That the term “injunction” is not used does not mean that the rules with respect to injunction need not apply. It is obvious that imposition of the status quo by judicial mandate is injunctive. Therefore, the procedural requisites for imposition of an injunction must be observed.
The divorce action is not an action for a permanent injunction. Thus, the portion of CPLR 6301 which could hypothetically apply to the divorce action is that which allows for an injunction “where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff’s rights respecting the subject of the action, and tending to render the judgment ineffectual”. As pointed out in the Practice Commentaries to McKinney’s Consolidated Laws *157 of New York (Book 7B, CPLR, C6301:l, p 209) “[t]he remedy is drastic and will not be granted unless the plaintiff demonstrates a strong likelihood of ultimate victory in the action and proves there is a risk of irreparable injury” (Emphasis supplied.) Thus, where the action is essentially for an amount of money, injunctive relief will not be granted (Jackson Dairy v Hood & Sons, 596 F2d 70, 72; Siegel, New York Practice, § 327, p 397).
Without delving further into the requisite showing justifying injunctive relief, the court finds that plaintiff has not satisfied the basic requirements of the statute. That defendant may, in the opinion of the plaintiff, do something inimical to plaintiff’s rights in this action, is a hypothesis too speculative to support a finding that defendant is threatening to or is about to take that course of conduct. As Professor Siegel tersely notes: “Mere apprehensions do not suffice” (Siegel, New York Practice, § 328, p 399).
There must be facts shown which establish the imminence of the feared activity (Eldre Components v Kliman, 47 Misc 2d, 463, 464). No such facts are shown here.
There is a discretion vested in the court that allows for the granting of an injunction even where the factual showing perhaps has not passed statutory muster (Walsh v New York State Liq. Auth., 45 Misc 2d 827, affd 23 AD2d 876, affd 16 NY2d 781). However, the ends of justice would not be served by granting an injunction herein. Put otherwise, the automatic grant of an injunction upon the appearance of the term “equitable distribution” would be an abuse of discretion. Maintenance of the status quo would serve no justifiable purpose and could be used unreasonably for tactical purposes.
In this case, plaintiff is generally aware of the defendant’s business holdings. Discovery proceedings will be necessary in order to accurately value the businesses and defendant’s interest therein. In the vast majority of cases where a party’s assets are in issue, appraisal of business interests is done through deposition and inspection of books and records. On-site or physical inspection is usually unnecessary and of limited value. Whether or not the asset *158 is disposed of prior to discovery proceedings, the record of the asset exists and it is that record which is important to the process of valuation. Thus, maintenance of the status quo as to the asset is unimportant for valuation purpose.
The court recognizes that there may be cases where physical inspection of an asset is essential to proper appraisal. Real estate is the most obvious example. But there, the real estate will invariably be available for inspection nó matter what complex financial transactions take place during the course of the matrimonial proceedings. Collectibles are another example. Depending upon the nature of the preliminary showing, the court can envision a short term injunction pending valuation of truly unique items.
Aside from valuation, another rationale for preventing disposition of assets is the possibility of distribution in kind. However, in this case, the likelihood of that occurrence is nonexistent. Plaintiff has not participated in the printing business and any award to her, based upon the business value, would be a distributive award. The statute does not require a physical division of marital property where it is impractical or burdensome. To obtain injunction in the appropriate case, there should be an adequate showing that the moving party has a right to physical retention of the asset, or a part thereof, and that the other party has control and is about to exercise it to the movant’s lasting detriment.
In the Froelich-Switzer case (NYLJ, Jan. 23, 1981, p 4, col 3, supra), it was recognized that there might be valid reasons for dealing with property other than in the normal course of business or personal affairs. Consequently, the holding provided that either party could apply to the court for approval to so deal with his or her or their property. Plaintiff has asked for such a provision herein.
This court cannot accept this as an answer to the essential problem. For one thing, it requires the potential applicant and the court to determine what “normal course of business” means. Although this phrase has an accepted meaning, there are many gray areas that would invariably arise. More importantly, the court would become, in effect, the receiver of assets having to rule on their disposition on *159 an ad seriatim basis. Involvement of the court in the operation of business ventures would invite delay and disaster.
The motion is denied.