opinion of the court
Anthony J. Ferraro, J.
Plaintiff makes application for an order staying and restraining defendant from selling, transferring or otherwise disposing of the marital property including defendant’s one-half interest in a service station until the trial of the instant matrimonial action.
Although it is the purpose of the equitable distribution statute (Domestic Relations Law, § 236) to assure a fair and equitable division of assets accumulated during a marriage, it was never the intention of the law to contravene established principles of law relating to the granting of injunctions. One of the cardinal principles of injunction is that plaintiff must demonstrate that immediate and irreparable injury will result. In considering an application for an injunction, the court must consider the equities and balance the conveniences between the respective parties (CPLR 6313, subd [a]).
The court cannot automatically freeze all matrimonial assets under the guise of preserving them for eventual distribution. Transactions in the normal course of business and life must continue lest we infringe upon individual rights and freedom of action.
In the instant case, any curtailment of the operation of defendant’s business or restriction of his free right to *580 dispose of it if it becomes unprofitable could cause more harm than good in preserving the marital assets. The ownership of substantial assets in joint names will adequately preserve the plaintiff’s share of the eventual marital distribution.
Under the circumstances, each party will be enjoined from disposing of any marital asset for anything less than its fair and reasonable value in an arm’s length transaction.
The fairness and reasonableness of any such transaction will be determined by the trial court which can make any appropriate and necessary adjustment from the remaining jointly held property.