OPINION OF THE COURT
Oscar Murov, J.
This is another in the line of cases dealing with restraining the transfer of assets during the pendency of a matrimonial action governed by the equitable distribution law (L 1980, ch 281), but with a new twist.
Plaintiff wife initially moved for various pendente lite relief, including, inter alia, a direction restraining defendant from transferring any of his personal or business assets, and, a request for an award of fees in order to enable the wife to secure the services of an accountant. The award of accountant’s fees was granted (Gueli v Gueli, 106 Misc 2d 877), but based on the reasoning of my learned colleague, Mr. Justice Morris Slifkin in Franzese v Franzese (108 Misc 2d 154), the court denied plaintiff’s request to restrain the transfer of the husband’s business assets. She subsequently discovered that her husband had sold the business within a very short time after the court’s decision.
Plaintiff now moves to reargue that branch of the original motion wherein she sought an order restraining the husband from transferring his business assets. Defendant claims that said sale was not motivated by a desire to deprive his wife of any part of a subsequent distributive award, but, rather, was an exercise of sound business judgment. He cross-moves, inter alia, for an order denying *812 plaintiff’s motion to reargue, and vacating that portion of the original order which awarded the wife a sum of money to secure the services of an accountant on the ground that there is no business to value at this time. Plaintiff’s motion for reargument is granted.
The interests of justice, in an equitable distribution action, require that the assets of both parties not be significantly distributed or rearranged by being transferred, relocated or altered by loans, liens or otherwise, until there has been a final determination by the court as to what the assets are and the rights of the respective parties thereto (Franzese v Franzese, supra). Part B of section 236 of the Domestic Relations Law, in addition to providing for “Special relief in matrimonial actions” (subd 8), also provides that “All orders or decrees entered in matrimonial actions shall be enforced in the manner provided by law” (subd 9). There is nothing in the new statute which indicates that the court is to be deprived of its traditional power to make appropriate orders to effectuate the purpose of the statute (see Annexstein v Annexstein, NYLJ, April 24, 1981, p 7, col 2, Duberstein, J.).
Furthermore, defendant admits that he was in the process of negotiating the sale of the business at the time plaintiff moved for pendente lite relief but this was not reflected in his affidavit on application for temporary maintenance required by 22 NYCRR 699.11. Defendant, therefore, has not acted in an equitable manner. It cannot, of course, be ascertained at this time, what, if anything, will be awarded to the wife as her share of equitable distribution (Domestic Relations Law, § 236, part B, subd 5). The court notes that defendant received approximately $13,700 from the sale of the business. Furthermore, the parties do own other assets which will, in all probability, form a part of the “marital estate”. In the interests of justice, therefore, the court directs defendant to deposit the sum of $5,000 with the court forthwith.
With regard to the award of fees to enable the wife to secure the services of an accountant, the court does not agree with defendant’s contention that the issue of its valuation is now moot since the business has been sold and there is no business to evaluate, and, therefore, the court *813 should vacate that part of the prior order which awarded same. Section 236 (Part B, subd 5) of the Domestic Relations Law provides that where the spouses have not agreed on the disposition of property, the court is required to determine the respective rights of the parties in their separate or marital property and provide for the disposition thereof in the final judgment. A key word to remember in equitable distribution actions is “valuation”. The court will be called upon to ascribe a value to the “marital estate” and make appropriate disposition thereof between the parties. It may even bring back the value of assets transferred, in any manner, either before the action was commenced, or during the pendency of the action. The court, of course, anticipates that each of the parties will have various contentions concerning his own valuation of said “marital estate”, or in discrediting his opponent’s valuation of same. The so-called logic of all this is amply described by Lewis Carrol’s “Through the Looking Glass”: “Contrawise, continued Tweedledee, if it were so, it might be; and if it were so, it would be, but as it isn’t, it ain’t. That’s logic.”
Plaintiff here is naturally concerned with, and has the right to ascertain the value of the business as of the date it was sold and whether the consideration received was valid. She will be concerned with whether there has been a willful dissipation of a marital asset. Accordingly, the court lets stand its prior order directing defendant to pay plaintiff a sum of money for accounting services.