OPINION OF THE COURT
Oscar Murov, J.
Plaintiff seeks an order restraining and enjoining defendant from disposing, encumbering or otherwise alienating any or all of defendant’s interest in the estate of his deceased father during the pendency of this matrimonial action which is governed by the new Equitable Distribution Law (L 1980, ch 281). The court denied plaintiff’s motion.
Several of my learned colleagues have been presented with the question whether to restrain the transfer of assets by one spouse during the pendency of a matrimonial action governed by the “new law”, and they have rendered well-reasoned decisions in this area (Froelich-Switzer v Switzer, 107 Misc 2d 814, Kassal, J.; Franzese v Franzese, 108 Misc 2d 154, Slifkin, J.; Bisca v Bisca, 108 Misc 2d 227, McCaffrey, J.; Annexstein v Annexstein, NYLJ, April 24,1981, p 7, col 2, Duberstein, J.). It should be noted, however, that the property sought to be restrained from transfer was or appeared to be “marital property” (Domestic Relations Law, §236, part B, subd 1, par c), which is all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held except as provided for in an *17 agreement pursuant to section 236 (part B, subd 3) of the Domestic Relations Law. “Separate property”, on the other hand, is generally exempt from equitable distribution (Domestic Relations Law, § 236, part B, subd 5).
Section 236 (part B, subd 1, par d) of the Domestic Relations Law defines “separate property” as, inter alia, property acquired by bequest, devise, or descent, or gift from a party other than the spouse, whether the bequest, devise or descent or gift occurred before or after, the marriage. It thereby follows that since the inheritance from the estate is “separate property”, there is no sound basis for restraining defendant from disposing of same as he sees fit.
There may be a question in New York whether the same holding would apply to property which would pass by operation of law, such as jointly owned property, property held in trust form such as Totten trust bank accounts, and proceeds of life insurance payable to a designated beneficiary. This decision pertains to that property which would be subject to expeditious administration by most of the Surrogate’s Courts in this State. However, that branch of the motion which seeks to restrain other property is denied (Franzese v Franzese, supra).