■ Marie C. Guttman, Respondent, v Ronald A. Guttman,

Appellant.—Order, Supreme Court, New York County (Kenneth L. Shorter, J.), entered December 4, 1986, which (1) granted plaintiff's motion for exclusive use and occupancy of the marital cooperative apartment pending a hearing before a Referee, (2) awarded plaintiff interim counsel fees in the sum of $5,000, and (3) enjoined the parties from conveying, encumbering or otherwise disposing of marital assets pending further court order, is unanimously modified on the law, the facts, and in the exercise of discretion, to vacate the injunctive relief, and otherwise affirmed, without costs.

This is an action for divorce commenced by plaintiff wife on November 14, 1986. The parties were married on March 14, 1969. There is one 15-year-old daughter of the marriage who resides with plaintiff and the latter's 26-year-old daughter of an earlier marriage in the former marital residence, a cooperative apartment at 25 East 86th Street, on Manhattan's East Side. Defendant husband is a successful commodities broker; the wife has not been employed outside the home since the inception of the marriage.

It is not disputed that in 1982 defendant purchased, with funds inherited by him alone, a summer house in Long Beach, New York, which had been regularly used by the parties on summer weekends prior to their separation.

With respect to branches (1) and (2) of the order under review dealing with occupancy of the Manhattan cooperative apartment and the award of interim counsel fees, we affirm these dispositions as within the discretion of the IAS Part. We differ, however, as to the broad grant of injunctive relief encompassed in decretal provision (3). On that aspect of the motion, defendant established that the parties are facing a substantial Federal income tax liability, as well as the need to provide a source of payment for large personal loans. Defendant seeks to satisfy these obligations as well as his responsibilities of support for his wife and child by an increased mortgage upon what is his separate property. In *Steinberg v Steinberg* (87 AD2d 782), we dissolved a similar pretrial injunction where a wife "failed to make an adequate showing that defendant is seeking to dispose of marital assets so as to prejudice her right to an equitable distribution of such assets." Here, disposal or diminution of a marital asset is not even involved. On the contrary, defendant proposes to apply separate property of is own to relieve the wife of debts for which she is, at least in part, jointly liable. Moreover, the view expressed in the early days of equitable distribution that courts should routinely restrain any abnormal disposition of

the parties assets as a semiautomatic preservation of the status quo *(see, Froelich-Switzer v Switzer,* 107 Misc 2d 814, cited by the IAS Part) has not been generally followed, and the prevailing rule, which we adopted in *Steinberg (supra),* is to require that pendente lite restraints on property transfers be supported by proof that the spouse to be restrained is attempting or threatening to dispose of marital assets so as to adversely affect the movant's ultimate rights in equitable distribution *(Franzese v Franzese,* 108 Misc 2d 154; *Gramazio v Gramazio,* 108 Misc 2d 579; *Bisca v Bisca,* 108 Misc 2d 227; *see also,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C234:5). Plaintiff's papers are devoid of any such showing, or even any contention to that effect. Concur—Murphy, P. J., Kupferman, Ross, Kassal and Wallach, JJ.