■ NANETTE COHEN, Respondent-Appellant, v ISSAC COHEN, Appellant-Respondent.—In an action for a divorce and ancillary relief, (1) the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Ain, J.), dated October 26, 1987, as (a) denied his motion for an order restraining the plaintiff from utilizing the principal in accounts other than the plaintiff's Thomson McKinnon Securities Inc. account, (b) failed to direct the plaintiff to pay one half of the joint liabilities from the principal of the unrestrained accounts and (c) failed to include a provision for overnight visitation and (2) the plaintiff cross-appeals from so much of the same order as provided pendente lite child support in the total amount of $375 a week.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the defendant's assertions, the trial court did not abuse its discretion in refusing to impose a restraint upon the nearly one million dollars of tax-free municipal bonds held by the plaintiff, or in refusing to order that this asset be used to satisfy certain tax obligations. The income generated from these bonds, estimated by the plaintiff at $78,000 per year, was, prior to the award of child support pendente lite, the plaintiff's sole source of income. The defendant failed to show that the plaintiff had committed, or threatened to commit, any act which would prejudice his equitable distribution claim *(see, Guttman v Guttman,* 129 AD2d 537; *see also,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C234:3, at 88; 1988 Pocket Part, Supp Practice Commentaries, C234:3, C234:5, at 3-4), and since this is the plaintiff's sole source of income, it can reasonably be anticipated that she will not deplete this asset. In addition, the court considered all factors relating to the reasonable needs of the plaintiff and the financial ability of the defendant to meet these needs *(see,* Domestic Relations Law § 236 [B] [6]) in light of the limited valuations of assets made in the defendant's net worth statement.

We find no reason to disturb the determinations regarding visitation and child support. Finally, we direct both parties to proceed to trial forthwith. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.