■ JANE H. TAFT, Respondent, v ROBERT L. TAFT, Appellant.—In an action, *inter alia,* for a divorce and to recover arrears for support and maintenance allegedly due under a separation agreement, the defendant husband appeals from so much of an order of the Supreme Court, Kings County (Rigler, J.), entered August 10, 1988, as granted that branch of the plaintiff wife's motion which was to enjoin him from disposing of or removing from the jurisdiction any assets, and which denied his cross motion to dismiss the third and fourth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises out of a separation agreement which

contained, *inter alia,* a provision that the parties "shall proceed" with a divorce on the ground of abandonment and specified that the defendant would pay certain court costs. The defendant allegedly refused to make the payments as required by the agreement. The plaintiff commenced the instant action and moved, *inter alia,* to compel the defendant to comply with the separation agreement and to enjoin the defendant from disposing of any assets. The defendant cross-moved to dismiss both the third cause of action, which sought a conversion divorce based upon the agreement, and the fourth cause of action, which sought to enforce the support and maintenance provisions of the agreement. The Supreme Court declined to direct the defendant to comply with the agreement, because, in its opinion, such relief is only available in a plenary action. However, the court enjoined the defendant from disposing of and removing from the jurisdiction any assets and denied the cross motion to dismiss the third and fourth causes of action.

The defendant argues that the causes of action based upon the separation agreement should have been dismissed because it contained an express provision requiring that the parties obtain a divorce, which provision cannot be severed from the remainder of the agreement. We disagree.

General Obligations Law § 5-311 provides that a husband and wife cannot contract to alter or dissolve a marriage, but that an agreement shall not be considered such a contract unless it contains an express provision requiring the dissolution of the marriage. While the provision challenged here appears to constitute such an express provision obligating the parties to obtain a divorce *(see generally, Rosen v Goldberg,* 28 AD2d 1051; *Waxstein v Waxstein,* 90 Misc 2d 784, *affd* 57 AD2d 863; *Alexandre v Davis,* 90 Misc 2d 368; *Taylor v Renzi,* 41 Misc 2d 160), we find that the parties intended that the provision should be severed from the rest of the agreement in case it was deemed void.

The Court of Appeals has noted that "[w]hether a contract is entire or severable generally is a question of intention, to be determined from the language employed by the parties, viewed in the light of the circumstances surrounding them at the time they contracted" *(Christian v Christian,* 42 NY2d 63, 73; *see also, Angeloff v Angeloff,* 56 NY2d 982; *Ferro v Bologna,* 31 NY2d 30; *Cygielman v Cygielman,* 111 AD2d 1057; *Bruno v Bruno,* 51 AD2d 862). The severability doctrine applies "with equal effect where the bar of the statute applies because the agreement is one to alter the marriage status" *(Stahl v Stahl,* 16 AD2d 467, 469).

In the instant case, the agreement contained an explicit provision indicating that the doctrine of severability shall apply should any provision of the agreement be deemed void. Moreover, other provisions of the agreement contemplate a future divorce merely as a possibility, suggesting that the agreement was not entirely premised upon a divorce. Thus, the offending provision may be severed and the remainder of the agreement may be enforced. Accordingly, the court correctly declined to dismiss the third and fourth causes of action.

The defendant also claims that the court abused its discretion in enjoining him from disposing of and removing any assets from the jurisdiction. We disagree. Pursuant to Domestic Relations Law § 234, a court has broad discretion to issue orders which it deems are in the interest of justice concerning marital property. A court may issue a preliminary injunction even absent a showing of irreparable injury or a showing of a likelihood of success on the merits *(see, Monroe v Monroe*, 108 AD2d 793; *Leibowits v Leibowits*, 93 AD2d 535).

Here, the plaintiff has alleged that the defendant has, on numerous occasions, threatened to transfer his assets to his children borne by his present girlfriend. Further, he allegedly owns a company and employs his girlfriend, suggesting that he has the capacity to transfer his assets successfully. The plaintiff also provided some documentation supporting her argument that the defendant is not without resources. Such allegations provided sufficient basis for the court to grant the plaintiff injunctive relief *(see, Drazal v Drazal*, 122 AD2d 829). Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.