■ ADELE SACKS, Appellant, v JOSEPH SACKS, Respondent.— In an action for divorce and ancillary relief, the plaintiff wife appeals from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), entered April 19, 1990, as (1) denied her motion for pendente lite maintenance, and (2) granted the husband's cross motion to the extent of directing her to pay the defendant husband the sum of $200 per week, pendente lite, in maintenance, as well as the carrying charges on the marital premises, and enjoining her from transferring, selling, encumbering, or disposing of any marital assets.

Ordered that the order is modified, on the law and the facts, by deleting the provisions thereof directing the wife to pay the husband maintenance and enjoining her from transferring, selling, encumbering or disposing of any marital assets; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties to this action offered extremely divergent and irreconcilable accounts of their financial situations in support of their respective motion and cross motion for pendente lite relief. The plaintiff wife claims that the husband is a multi-millionaire, with an annual income in excess of $150,000, and that he had provided all of the support for the family throughout the marriage. She alleges that the husband has secreted away his assets because of this litigation. She contends that her net monthly income is only $3,500 and that her monthly expenses exceeded $11,000, such that she is entitled to temporary maintenance. The husband, on the other hand, maintains that his recent investments were all unproductive and failed to yield any cash flow, that he suffers from Parkinson's Disease and is unable to work, which has forced him to apply for social security and disability. He claims that he no longer has any income or available cash and is entitled to temporary maintenance.

It is fundamental that temporary maintenance awards "are designed to insure that reasonable needs are met during the pendency of matrimonial litigation" *(Salerno v Salerno,* 142 AD2d 670, 672; *see also, Cohen v Cohen,* 129 AD2d 550). The award should accommodate the reasonable needs of the movant with the financial ability of the other spouse *(see, Salerno v Salerno, supra; Stern v Stern,* 106 AD2d 631). Here, the record reveals that the wife has sufficient funds to provide for her reasonable expenses and to pay the carrying charges on the marital residence, which she occupies alone. Further, while it is unclear whether the husband is able to work, he has failed to account for many assets he reported on a recent loan application. Under these circumstances, we find that neither party is entitled to temporary maintenance. However, since the wife has exclusive possession of the marital residence she should continue paying the carrying charges.

In addition, the court erred in granting the husband injunctive relief. Pendente lite restraints on property transfers must be "supported by proof that the spouse to be restrained is attempting or threatening to dispose of marital assets so as to adversely affect the movant's ultimate rights in equitable distribution" *(Guttman v Guttman,* 129 AD2d 537, 539; *see*

*also, Barasch v Barasch,* 166 AD2d 399, 400; *Cohen v Cohen,* 142 AD2d 543). In the instant case, the husband has not even made any allegation that the wife has transferred, encumbered or otherwise disposed of any marital property, or that she has threatened to do so.

Finally, we note that this action has been pending for nearly four years and should proceed to trial expeditiously. As we have frequently observed, the best remedy for claimed inequities in a pendente lite award is a speedy trial *(see, e.g., Bernstein v Bernstein,* 143 AD2d 168; *Gastineau v Gastineau,* 127 AD2d 629; *Pieri v Pieri,* 91 AD2d 1016). Bracken, J. P., Sullivan, Lawrence and Eiber, JJ., concur.