■ GARY STANTON, Appellant, v DEBBIE STANTON, Respondent. [621 NYS2d 676] —In an action for divorce and ancillary relief, the plaintiff husband appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated January 25, 1993, which, *inter alia,* granted stated portions of the defendant wife's motion for pendente lite relief.

Ordered that the order is modified, as a matter of discretion, by (1) decreasing the amount of child support from $450 per week to $350 per week, (2) decreasing the amount of spousal maintenance from $200 per week to $100 per week, (3) adding a provision limiting the plaintiff's responsibility for the payment of telephone charges to $50 per month, and (4) deleting the provision thereof enjoining the parties from disposing of or encumbering any marital asset or their interest therein; as so modified, the order is affirmed, without costs or disbursements.

Although a speedy trial is ordinarily the proper remedy to rectify inequities in an order directing payment of temporary maintenance *(see, Walker v Walker,* 193 AD2d 730), pendente lite relief may be modified on appeal where justice so dictates *(see, Fascaldi v Fascaldi,* 186 AD2d 532). Notably, when the support payments are "so prohibitive as to strip the payor spouse of income and assets necessary to meet his or her own

expenses, relief may be granted in the interest of justice" *(Chachkes v Chachkes,* 107 AD2d 786, 787).

Moreover, we note that although not required to, the trial court used the guidelines of the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) in fixing the husband's child support obligations. Such was not, under the circumstances of this case, an improvident exercise of discretion, and we decline to depart from the guidelines. However, we find that in attempting to apply those guidelines, the trial court failed to factor in the husband's payment of the carrying charges of the marital residence when determining the husband's income under the guidelines.

Thus, upon review of the husband's income and the parties' expenses, and considering that the husband must pay all carrying charges on the marital residence, we find that the pendente lite child support award of the Supreme Court should be modified by reducing it to $350 per week for the four children still living with the mother *(see, Krantz v Krantz,* 175 AD2d 863; *see also, Bagner v Bagner,* 207 AD2d 367; *O'Connor v O'Connor,* 207 AD2d 334). Additionally, we reduce the wife's temporary maintenance payments to $100 per week and limit the plaintiff's responsibility for the payment of the household telephone charges to $50 per month.

Insofar as the wife's application to enjoin the husband from disposing of the marital assets was not "supported by proof that the spouse to be restrained is attempting or threatening to dispose of marital assets so as to adversely affect the movant's ultimate rights in equitable distribution" *(Guttman v Guttman,* 129 AD2d 537, 539), we further modify the order by deleting the provision thereof enjoining the parties from disposing of or encumbering any marital assets *(see also, Sacks v Sacks,* 181 AD2d 727; *Barasch v Barasch,* 166 AD2d 399, 400; *Cohen v Cohen,* 142 AD2d 543).

We have examined the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Lawrence and Florio, JJ., concur.