■ RICHARD E. LODERHOSE, Respondent, v JANE LODERHOSE, Appellant. [627 NYS2d 453] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief and letter dated March 30, 1995, from so much of an order of the Supreme Court, Queens County (Smith, J.), dated November 17, 1993, as denied that branch of her cross motion which was to restrain the plaintiff husband from disposing of the assets of United Resin Products, Inc., and its subsidiaries, pendente lite.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant wife argues that the court erred when it refused to issue a pendente lite order restraining the plaintiff husband from selling the assets of United Resin Products, Inc., and its subsidiaries (hereinafter URP). However, the Supreme Court properly denied her request.

Domestic Relations Law § 234 authorizes a court to issue

pendente lite injunctive relief in a marital action without requiring the movant to make the requisite showing normally required by CPLR article 63: irreparable harm and a likelihood of success on the merits *(see, Taft v Taft,* 156 AD2d 444; *Leibowits v Leibowits,* 93 AD2d 535). However, a prerequisite to the issuance of such an order is a showing by the movant that the party to be restrained is " 'attempting or threatening to dispose of marital assets so as to adversely affect the movant's ultimate rights in equitable distribution' " *(Sacks v Sacks,* 181 AD2d 727, 728; *see also, Cohen v Cohen,* 142 AD2d 543; *Taft v Taft, supra).* Here, the wife argued that the husband's failure to provide certain disclosure concerning URP revealed his intent to try to sell the asset before she could discover its true value. However, this argument has been rendered academic by the wife's admission that the disclosure sought has since been voluntarily furnished by the husband. Further, the record does not indicate that the husband was attempting to adversely affect the wife's rights concerning URP *(see, e.g., Taft v Taft, supra; Bo Young Choi v Sei Young Choi,* 167 AD2d 217). Accordingly, the wife's demand for pendente lite relief was properly denied. Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.