■ HARRIET SIEGEL, Respondent, v EDWARD SIEGEL, Appellant. [726 NYS2d 288] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Bellantoni, J.), entered October 27, 1999, which, *inter alia*, distributed 40% of the value of his accounting practice and license to the plaintiff, and directed him to purchase a $1,000,000 life insurance policy naming the plaintiff as beneficiary, pay expert and attorney's fees incurred by the plaintiff, pay monthly maintenance in the sum of $3,500 to the plaintiff, and pay back taxes and penalties in the sum of $79,771.

Ordered that the judgment is modified by (1) deleting the fourth decretal paragraph thereof directing the defendant, *inter alia*, to pay monthly maintenance in the sum of $3,500 to the plaintiff, and (2) adding to the tenth decretal paragraph a provision providing that the defendant's life insurance obligation should terminate upon the termination of his maintenance obligation; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, to recalculate the defendant's maintenance obligation.

"Once a court converts a specific stream of income into an asset, that income may no longer be calculated into the maintenance formula and payout" (*Grunfeld v Grunfeld,* 94 NY2d 696, 705). Here, the Supreme Court erred in counting the same future earning stream as the basis for both the distributive award to the plaintiff of a portion of the defendant's certified public accounting practice and license and the award of maintenance (*see, Grunfeld v Grunfeld, supra; McSparron v McSparron,* 87 NY2d 275). Accordingly, the matter is remitted to the Supreme Court for a new calculation of the maintenance award.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in directing him to pay an expert appraiser's fee and an attorney's fee incurred by the plaintiff in connection with the trial (*see,* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Brancoveanu v Brancoveanu,* 177 AD2d 614; *Krinsky v Krinsky,* 208 AD2d 599).

The defendant contends that the court erred in directing him to pay $79,771 in unpaid taxes. Since the appendix filed by the defendant does not contain all of the relevant documents, we are unable to render an informed determination of this issue on the merits (*see,* CPLR 5528 [a] [5]; *Di Blasi v Caldara,* 123 AD2d 738).

The defendant's remaining contentions are without merit. Altman, J. P., Krausman, Luciano and Cozier, JJ., concur.