■ DEBORAH PECHMAN, Respondent-Appellant, v SETH PECHMAN, Appellant-Respondent. [757 NYS2d 56] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated July 11, 2002, as granted that branch of the plaintiff's motion which was to appoint an independent accountant to audit the financial records of nonparty Lexington Glass Company, Inc., and to evaluate his income and the value of Lexington Glass Company, Inc., and the plaintiff cross-appeals, as limited by her notice of appeal and brief, from so much of the same order as denied that branch of her motion which was for leave to amend the complaint to add new causes of action and three parties to the action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the husband's contention, the Supreme Court properly exercised its discretion in appointing an independent accountant to audit the financial records of nonparty Lexington Glass Company, Inc. (hereinafter Lexington), the closely-held corporation owned and managed by his family. The husband is the president of Lexington. The record indicates that the husband has been less than forthright regarding his income and finances, despite his statutorily-mandated duty to disclose such information (*see* Domestic Relations Law § 236 [B] [4]). Furthermore, the corporate tax returns for the three years pre-

ceding the commencement of the action indicated that the husband was an equal owner in the company until one month after the commencement of the action when, for reasons unclear in the record, the corporate accountant was instructed to amend the tax returns to reflect that the husband's father was the sole owner of the corporation. The record also indicates that the personal finances of the husband and other corporate officers were so completely commingled with the finances of the corporation that the value of their income and benefits and their purported shares in the corporation could not be delineated without a complete audit of the corporate records. Information pertaining to the husband's finances is crucial to the ability of the Supreme Court to equitably distribute the assets of the marriage and to determine any awards for maintenance and child support (*see* Domestic Relations Law § 236 [B]; *Gellman v Gellman,* 160 AD2d 265, 267 [1990]; *De La Roche v De La Roche,* 209 AD2d 157, 158 [1994]; *Kaye v Kaye,* 102 AD2d 682, 686 [1984]). Since such information can only be found in the intricate corporate records, it was well within the discretion of the Supreme Court to order the audit (*see Burns v Burns,* 84 NY2d 369, 375 [1994]; *Litman v Litman,* 61 NY2d 918, 920 [1984]; *French v French,* 288 AD2d 256 [2001]).

Moreover, the Supreme Court properly exercised its discretion in denying that branch of the wife's motion which was for leave to amend the complaint to add the corporation and its shareholders as parties in this matrimonial action. It is not necessary to add them as parties to determine equitable distribution or the husband's obligations for maintenance or child support (*see* Domestic Relations Law § 236 [B] [5], [6], [7]; *see also* CPLR 3025; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959 [1983]).

The parties' remaining contentions either are unpreserved for appellate review or without merit. Feuerstein, J.P., Friedmann, Schmidt and Mastro, JJ., concur.