■ ANDREA M. PAGELLO, Appellant, v GERARD A. PAGELLO, Respondent. [793 NYS2d 447]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Montagnino, R.), entered April 13, 2004, as granted those branches of the defendant's motion which were to restrain her from selling or liquidating any and all assets currently held solely by her or jointly with any person during the pendency of the action, directed that she be solely responsible for the costs associated with valuing her corporate holdings, and directed her to pay temporary maintenance in the sum of $3,000 per month, and denied those branches of her cross motion which were for leave to sell her stock interests in 13 corporations, to discontinue the appointment of a neutral appraiser to value her corporate interests, and to decrease her pendente lite support obligations.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly directed a complete corporate audit of those business entities in which the plaintiff held an interest. Information pertaining to the plaintiff's finances is crucial to the ability of the Supreme Court to equitably distribute the assets of the marriage and to determine awards of maintenance and child support (*see Pechman v Pechman*, 303 AD2d 479, 480 [2003]; *Kaye v Kaye*, 102 AD2d 682 [1984]; *cf. Byck v Byck*, 294 AD2d 456 [2002]). Imposition of the costs associated with the valuation of the plaintiff's corporate holdings is a matter for the discretion of the trial court (*see O'Brien v O'Brien*, 66 NY2d 576, 590 [1985]; *Siegel v Siegel*, 284 AD2d 389 [2001]; *Mutt v Mutt*, 242 AD2d 612, 613 [1997]; *Krinsky v Krinsky*, 208 AD2d 599, 601 [1994]). In light of the disparate incomes of the parties, requiring the costs of the valuation to be borne solely by the plaintiff was a provident exercise of the Supreme Court's discretion.

The Supreme Court properly imposed a pendente lite restraint on sale or transfer of the plaintiff's assets in light of proof that she was attempting to dispose of assets that could adversely affect the movant's ultimate rights in equitable distribution (*cf. Reich v Reich*, 278 AD2d 214 [2000]; *Stanton v Stanton*, 211 AD2d 781 [1995]; *Guttman v Guttman*, 129 AD2d 537, 539 [1987]).

The plaintiff's remaining contention is without merit. Schmidt, J.P., Santucci, Skelos and Lifson, JJ., concur.