■ BAERBEL G. OBERMUELLER, Respondent, v REINHARD W. OBERMUELLER, Appellant. [808 NYS2d 323]—

In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated September 1, 2004, which granted the plaintiff's motion to enjoin him from making improvements, alterations, or additions to the parties' home located at 5 Pond Lane in East Hampton other than those necessary for reasonable routine maintenance, and from transferring or otherwise disposing of any of the parties' funds, accounts, stock, or property except in the normal course of business.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the motion is denied, without prejudice to renewal, if the plaintiff be so advised, upon a change in circumstances.

The Supreme Court enjoined the defendant from making improvements, alterations, or additions to the home located at 5 Pond Lane in East Hampton other than those necessary for reasonable routine maintenance, and from transferring or otherwise disposing of any of the parties' funds, accounts, stock, or property except in the normal course of business. This relief sought by the plaintiff was not supported by proof that the defendant was attempting or threatening to dispose of marital assets so as to adversely affect her ultimate rights regarding equitable distribution (see Reich v Reich, 278 AD2d 214 [2000]; Loderhose v Loderhose, 216 AD2d 275, 276 [1995]; Cohen v Cohen, 142 AD2d 543 [1988]; Guttman v Guttman, 129 AD2d 537, 538-539 [1987]; cf. Pagello v Pagello, 17 AD3d 428, 429 [2005]; Taft v Taft, 156 AD2d 444, 446 [1989]). Accordingly, the Supreme Court erred in granting the plaintiff's motion. Crane, J.P., Luciano, Skelos and Lifson, JJ., concur.