■ MICHAEL D. PLACE, Appellant, v FE A. SEAMON, Respondent. [874 NYS2d 305]—

Cardona, P.J. Appeal from an order of the Supreme Court (Mulvey, J.), entered August 21, 2008 in Chemung County, which, among other things, partially granted defendant's cross motion for pendente lite relief.

The parties were married in 1989. Plaintiff commenced this action for divorce in March 2007 and, following defendant's answer, moved for summary judgment. Defendant cross-moved for, among other things, injunctive relief, specifically alleging that plaintiff appears to have liquidated his military pension, a claimed marital asset, and is attempting to hide the proceeds. Supreme Court denied plaintiff's motion and partially granted defendant's cross motion to the extent of enjoining plaintiff from liquidating, disposing of or transferring such property. Plaintiff appeals, limiting—by his brief—his appeal to that portion of Supreme Court's order which granted the preliminary injunctive relief.

Pursuant to Domestic Relations Law § 234, a court has broad discretion in matrimonial actions to issue pendente lite injunctive relief in the interest of justice to preserve marital assets pending equitable distribution (see Taft v Taft, 156 AD2d 444, 446 [1989]). Such request for restraints on property transfers

can be granted upon the movant demonstrating that the spouse to be enjoined "is attempting or threatening to dispose of marital assets so as to adversely affect the movant's ultimate rights in equitable distribution" (*Guttman v Guttman*, 129 AD2d 537, 539 [1987]; *see MacKinnon v MacKinnon*, 245 AD2d 676, 677 [1997]; *Stanton v Stanton*, 211 AD2d 781, 782 [1995]). Here, defendant moved for injunctive relief after plaintiff submitted his net worth statement absent any reference to payments received from his military pension/retirement. According to defendant's affidavit, payments received from plaintiff's military pension/retirement—resulting from approximately 20 years of military service—had been deposited into the parties' joint checking account until March 2008. Based upon plaintiff's nondisclosure of such payments and failure to submit his tax return, defendant believed that plaintiff had liquidated his pension/retirement and is attempting to conceal the proceeds. Although plaintiff contends that the proofs submitted are insufficient to demonstrate proper cause justifying the need for the interim injunctive relief, we find it relevant that plaintiff, in opposition to defendant's request, neither verified nor denied the allegations regarding the existence, collection or liquidation of his military pension/retirement. Under these circumstances, we find no abuse of discretion in Supreme Court granting defendant's request for pendente lite relief with regard to plaintiff's military pension/retirement or any proceeds in connection therewith.

Mercure, Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.